WOODALL, Justice.
Riverstone Development Co., Inc. (“Riv-erstone”), and Southern Heritage, LLC (“Heritage”), appeal from a judgment dismissing, pursuant to Rule 41(a)(1), Ala. R. Civ. P., an action in which they had intervened as defendants. We reverse and remand.

I. Factual and Procedural Background

This dispute involves a number of individuals and entities who claim, or at various times have claimed, some right or title in one or more parcels of land lying along and north of County Road 88 in Jackson County. One such parcel is described as “Tract Number 10 of Jones’s Cove Estates, a subdivision located in Jackson County, Alabama” (“tract 10”). A second such parcel is known as the Pinnacle Cove Subdivision (“Pinnacle”), which lies north of, and contiguous to, tract 10.
The case began on December 12, 2005, when Roy T. Nelson filed a “complaint for specific performance” against Fieldstone Land Company, LLC (“Fieldstone”). The complaint averred that Nelson had been the high bidder for tract 10 at a public auction held on May 21, 2005, and sought a judgment ordering Fieldstone to “execute a deed to [Nelson] conveying the real property] to Nelson.” Fieldstone answered the complaint on January 17, 2006. (C., at 27.) The answer included a motion, pursuant to Rule 12(b)(6), Ala. R. Civ. P., to dismiss the complaint for “failure to state a claim upon which relief can be granted.”
On January 28, 2007, Fieldstone executed a warranty deed to tract 10 in favor of Garner Properties, LLC (“Garner”). On December 16, 2008, Garner filed a motion to intervene in Nelson’s action “for purpose of joining [Fieldstone] in defending against [Nelson’s] claim” to tract 10. The trial court granted Garner’s motion on January 9, 2009, and, on January 28, 2009, Gamer filed its answer. (C., at 42.) In its answer, Garner asserted a counterclaim in the form of a request for a judgment declaring that it was “the sole owner of [tract 10] and that neither.the Plaintiff, Roy T. Nelson, nor [Fieldstone] ha[d] any right, claim or interest in any of such property.”
On December 29, 2009, Riverstone and Heritage moved to intervene in the action “to join [Fieldstone and Garner] in their defense against [Nelson’s] claim.” River-stone and Heritage alleged that they were the current and former owner, respectively, of Pinnacle. They averred that, before selling Pinnacle to Riverstone, Heritage had acquired from Fieldstone and Garner permission to construct a road across tract 10 as a means of ingress and egress to Pinnacle. They alleged that Nelson’s “assertion and publication of his alleged ‘right’ to acquire Tract 10 ha[d] defeated Riverstone’s ability to develop Tract 10 and [Pinnacle] as planned.” The trial court granted that motion on January 6, 2010, and, on January 12, 2010, Riverstone and Heritage filed an answer to the complaint. (C., at 48.)
On November 8, 2010, a motion styled “joint motion to dismiss by Plaintiff and Defendant” was filed. It was signed by Nelson and Stanley E. Stephens, as “man *680 aging member of [Fieldstone].” Two days later, Riverstone and Heritage filed a “motion for leave to file a counterclaim and opposition to ‘joint motion to dismiss.’” Riverstone and Heritage averred that, when Riverstone acquired Pinnacle, the road construction was in progress, and Riverstone contracted with a Guntersville realtor “to market and pre-sell lots in Pinnacle.” They alleged that Nelson subsequently asserted his rights in tract 10, thereby “creating] a cloud on the title of tract 10,” and caused the realtor “to terminate its efforts to market lots in [Pinnacle].” In their proposed counterclaim, Riverstone and Heritage asserted claims against Nelson alleging (1) intentional interference with business relations, (2) slander of title, and (3) abuse of process.
On April 8, 2011, the trial court entered a judgment, denying the motion of Heritage and Riverstone for leave to file counterclaims and dismissing the case. In so doing, the trial court stated, in pertinent part:
“The court has before it the ‘Joint Motion to Dismiss’ by [Nelson] and [Fieldstone], filed November 8, 2010, as well as the objection thereto filed by [Riverstone] and [Heritage]....
“On November 10, 2010, two days after the Joint Motion to Dismiss was filed, a Motion to File a Counterclaim as well as an opposition to the Joint Motion to dismiss was filed by [Riverstone] and [Heritage]. Ordinarily, the Motion to File a Counterclaim would be granted as a routine matter and, but for the previously filed Motion to Dismiss, it would be so in the instant case.
“Rule 41 of the Alabama Rules of Civil Procedure states in the pertinent part that:
“ ‘Rule 41. Dismissal of Actions
“ ‘(a) Voluntary Dismissal: Effect Thereof.
“‘(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of Alabama, or of the United States, or of any state, an action based on or including the same claim.’
“Had the Plaintiffs and Defendant’s November 8, 2010, motion been entitled a ‘Notice of Dismissal,’ rather than a ‘Motion to Dismiss,’ there would be nothing for this court to decide, inasmuch as the case would have been dismissed and closed at that point even without order of the court.
“However, parties may dismiss their own claims at any time for any reason, ‘before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.’ In fact, it may sometimes be appropriate or even advantageous for a party to dismiss his, her or its own claim before an answer, motion for summary judgment or counter-claim is filed. The court, therefore, construes the November 8, 2010, ‘Joint Motion to Dismiss’ as what it actually and more properly was, a ‘Notice of Dismissal.’ It is clear that this was the intent of the parties signing that motion. It was filed before an answer, motion for summary judgment or counter-claim was filed. The court finds *681 that the motion filed November 8, 2010, had the effect of dismissing the case and the court so rules.”
(Emphasis added.) Heritage and River-stone appealed, contending that the trial court erred in treating the “motion to dismiss” as a “notice of dismissal,” in light of the facts that it (1) was not filed before adverse parties filed their answers, and (2) was not “signed by all parties who have appeared in the action,” as required by Rule 41(a)(1), Ala. R. Civ. P.

II. Discussion

“The purpose of Rule 41(a) is to facilitate voluntary dismissals but to limit them to an early stage of the proceedings before issue is joined.” Rule 41 (Committee Comments on 1973 Adoption) (emphasis added). If the conditions of Rule 41(a)(1) are satisfied, dismissal is automatic, that is, “[n]o order of the court is required.... [and] the notice [of dismissal] terminates the action....” 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2363, at 439-41 (3d ed.2008) (footnotes omitted) (commenting on Fed.R.Civ.P. 41(a)(1)); see also Greene v. Town of Cedar Bluff, 965 So.2d 773, 777-79 (Ala.2007). Dismissal under Rule 41(a)(1) is a question of law and, therefore, is reviewable de novo. See Matthews v. Gaither, 902 F.2d 877, 879 (11th Cir.1990) (reviewing Rule 41, Fed.R.Civ.P.).
On the other hand, if the conditions of Rule 41(a)(1) are not met, “ ‘voluntary dismissal can only be upon court order [under Rule 41(a)(2) ] and the court is given broad powers to prevent harassment of or inconvenience to the defendant by an arbitrary dismissal at this advanced stage of the case.’” Milliken v. South Realty Co., 628 So.2d 928, 930 (Ala.Civ.App.1993) (quoting Committee Comments on 1973 Adoption of Rule 41). See Rule 41(a)(2) (“Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper”). In the event of a dismissal under Rule 41(a)(2), “[a] defendant is not entitled to reversal unless he can show that the trial court failed to exercise or abused its discretion, or exercised an unpermitted discretion.” Bevill v. Owen, 364 So.2d 1201, 1203 (Ala.1979).
There is no contention by anyone in this case that the court had before it a “stipulation of dismissal signed by all parties who have appeared in the action” as required by Rule 41(a)(1). The trial court merely recast the “motion to dismiss” signed by Nelson and Stephens as a “notice of dismissal.” In so doing, the trial court inexplicably overlooked Fieldstone’s answer, which clearly appeared of record, not to mention the similarly appearing answers of Garner and Heritage and Riverstone, which were filed after those entities were expressly permitted to intervene and before the filing of the motion to .dismiss. In so doing, the trial court labored under the mistaken view that the requirements of Rule 41(a)(1) had been satisfied and that the court, therefore, had no discretion but to dismiss the action. In so doing, it erred. Thus, the judgment of dismissal is reversed, and the case is remanded.

III. Conclusion

Because the trial court erred in treating the motion to dismiss as a nondiscretion-ary dismissal under Rule 41(a)(1), the judgment is reversed, and the case is remanded for the trial court to exercise the discretion as is proper for consideration of a motion to dismiss under Rule 41(a)(2).
REVERSED AND REMANDED.
MALONE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.