THOMAS, Judge.
Karen H. Jackson appeals from an order of the Covington Circuit Court dismissing her claims against Wyatt Sasser, individually and doing business as Wyatt Sasser Construction. Jackson had sued Sasser, Progressive Insurance Company, and Sue Henderson Butler, asserting various claims, including claims of negligence, wantonness, and fraud arising from an au *470 tomobile accident in which Butler’s automobile had struck and damaged a building owned by Jackson and which resulted in the need for subsequent repairs to that building. The trial court dismissed Progressive Insurance Company as a party on April 2, 2013. Butler made an offer of judgment of $22,640.77 to Jackson, who accepted that offer. Butler interpleaded those funds into the trial court, stating in her motion seeking interpleader that she had received competing claims to a portion of the $22,640.77 that she had agreed to pay in her offer of judgment. Sasser responded to the motion to interplead those funds by stating his claim for $3,993.75, representing, he said, the payment due to him for work and labor performed on the building.[1]
Sasser then moved to dismiss the claims Jackson had asserted against him. Jackson sought an order dismissing the claims against Butler and disbursing the $22,640.77 in interpleaded funds to her. Sasser objected, arguing that he claimed an interest in $3,993.75 of those funds; Sasser consented to disbursing the uncontested amount of $18,647.02 to Jackson. The trial court entered two orders on October 30, 2013: the first order dismissed Butler as a party and dismissed Jackson’s claims against Sasser, and the second order dismissed Butler as a party and ordered the clerk to disburse $18,647.02 of the interpleaded funds to Jackson. The trial court specifically stated in its second order directing the clerk to disburse $18,647.02 to Jackson that “[t]he remainder of the funds ($3,993.75) shall remain on deposit with the Clerk. These funds remain in dispute and shall be distributed upon the final resolution of this case.”
On November 7, 2013, Jackson filed a purported postjudgment motion pursuant to Rule 59, Ala. R. Civ. P.[2] The trial court denied her motion on January 8, 2014. Jackson then filed what purported to be a Rule 60(b), Ala. R. Civ. P., motion for relief from judgment on January 23, 2014.[3] She filed her notice of appeal to this court on February 13, 2014. We transferred the appeal to our supreme court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
Sasser has filed a motion to dismiss Jackson’s appeal, arguing that, at the time Jackson filed her notice of appeal, the trial court had yet to resolve the controversy over the remaining $3,993.75 in interplead-ed funds. Jackson answered Sasser’s motion, arguing that the trial court had made the order dismissing Sasser final pursuant to Rule 54, Ala. R. Civ. P., and that, on October 31, 2013, Sasser had requested that the remaining $3,993.75 in interplead-ed funds be disbursed to him, which motion the trial court purported to grant on February 27, 2014, after Jackson had filed her notice of appeal. Jackson also assert *471 ed that the only remaining action for the trial court to perform after it entered the October 30, 2013, orders was to “order a disbursement of funds.”
Although Jackson states in her response to the motion to dismiss that the trial court “entered a final order pursuant to the language of Rule 54 ... taxing all costs of the proceedings against [Jackson] and dismissing all claims in favor of Sas-ser,” Jackson misunderstands the requirements of finality. In order for a judgment to be final, it must decide all claims or declare the rights or liabilities of all parties. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The trial court’s October 30, 2013, orders do’ not decide all the claims to the remaining interpleaded funds, in which both Jackson and Sasser claimed an interest. The orders “discharging [Butler are] not ... final judgments] as to all the matters before the court. [Sasser’s] claim[ ] to the interplead-ed funds remain[s] before the court. Therefore, the [October 30, 2013, orders] ... [are] interlocutory and not appealable unless made so by certification under Rule 54(b).” Dick v. First Nat’l Bank of Birmingham, 334 So.2d 922, 924 (Ala.Civ.App.1976). Neither of the trial court’s October 30, 2013, orders contains language certifying the orders as final judgments under Rule 54(b).[4] Thus, neither of those orders is a final judgment capable of supporting an appeal, and Jackson’s appeal is due to be dismissed.
The fact that the trial court later purported to grant Sasser’s October 31, 2013, motion to disburse the remaining interpleaded funds, thereby attempting to terminate the interpleader action, does not change our conclusion that this appeal is due to be dismissed. At the time the trial court purported to enter the order disbursing the funds to Sasser, the action was on appeal in this court. “Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.” Ward v. Ullery, 412 So.2d 796, 797 (Ala.Civ.App.1982); see also Busby v. Lewis, 993 So.2d 31, 34 (Ala.Civ.App.2008) (explaining that a trial court lacked jurisdiction to enter a judgment resolving pending claims while the action was before this court on appeal, albeit from an interlocutory order, and that, as a result, the order entered by the trial court while the action was pending on appeal was a nullity).
Because the trial court’s October 30, 2013, orders are not final, neither order will support an appeal. We note that the trial court’s February 27, 2014, order is a nullity and that its entry did not serve to resolve the lack of finality of the October 30, 2013, orders. Accordingly, we dismiss Jackson’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Butler's request for interpleader stated sufficient facts to explain Sasser's claim to the funds. Sasser's response to the motion for interpleader further asserted his claim to a portion of the interpleaded funds. Thus, Sas-ser was not required to file a counterclaim to' assert his claim to the $3,993.75 in inter-pleaded funds. See Cimarron. Mortg. Co. v. Wright, 831 So.2d 18, 20 (Ala.2002).

. Because a Rule 59 motion can be filed only in reference to a final judgment, Jackson's motion was merely a motion seeking reconsideration of an interlocutory order. Thompson v. Gardner, 889 So.2d 596, 598 n. 1 (Ala.Civ.App.2004); see also Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003).

.Rule 60(b) motions, like Rule 59 motions, may be made only in reference to final judgments. Rule 60(b) ("On motion ... the court may relieve a party ... from a final judgment [or] order....”); see also First Southern Bank v. O’Brien, 931 So.2d 50, 52 n. 3 (Ala.Civ.App.2005). Thus, Jackson’s January 23, 2014, motion is also a motion seeking reconsideration of an interlocutory order.

. See Blythe v. Blythe, 976 So.2d 1018, 1020 (Ala.Civ.App.2007), for a brief explanation of the requirements of a certification of finality under Rule 54(b).