**SYNOVUS BANK**

v.

**Tom James MITCHELL, d/b/a Mitchell Motors, et al.**

1141046.

Supreme Court of Alabama.

April 29, 2016.

Edward R. Jackson and Judson B. Allen of Jackson, Fikes, Hood & Brakefield, Jasper, for appellant.

Joel E. Dillard of Baxley, Dillard, McKnight, James & McElroy, Birmingham, for appellees.

BRYAN, Justice.

Synovus Bank ("Synovus") appeals from an order of the Jefferson Circuit Court ("the trial court") denying Synovus's motion to set aside a joint stipulation of dismissal. For the reasons set forth herein, we reverse the judgment and remand the case for further proceedings.

*Facts and Procedural History*

On November 22, 2010, Synovus filed in the Walker Circuit Court a complaint against Tom James Mitchell d/b/a Mitchell Motors ("Mitchell") seeking damages for Mitchell's alleged default on a promissory note. On May 16, 2011, Mitchell filed a motion to dismiss or, in the alternative, to transfer the case to the Jefferson Circuit Court. Mitchell argued that the complaint failed to state a claim upon which relief could be granted and that, should the case nevertheless be allowed to proceed, venue was proper only in Jefferson County. On September 21, 2011, the Walker Circuit Court entered an order denying Mitchell's motion to dismiss and transferring the case to the Jefferson Circuit Court.

On May 22, 2012, Synovus filed a motion for a summary judgment. On June 26, 2012, Mitchell filed a response to that motion in which he argued that an issue of material fact—how much debt on the promissory note remained outstanding—precluded a summary judgment. Mitchell asked for a jury trial to determine what, if anything, he owed Synovus.

On or around July 22, 2014, Mitchell died.[1] On September 17, 2014, Mitchell's attorney, Joel E. Dillard, sent a letter to Synovus's attorney, Griff O'Rear, informing O'Rear of Mitchell's death. That letter stated that "[Mitchell] had nothing when he died" and asked O'Rear to confer with Synovus to see if it would be willing to dismiss the action instead of " 'throw[ing] good money after bad.' " On January 28, 2015, Synovus filed a "joint stipulation [of] dismissal" that stated, in full: "Please take notice that all parties in the above-styled action hereby stipulate that the action is hereby dismissed with prejudice, each party to bear its own costs." Both O'Rear and Dillard signed the stipulation of dis-

---

1. It appears from the record that little progress in the case occurred during the two years between the filing of Mitchell's response to Synovus's motion for a summary judgment in June 2012 and Mitchell's death in July 2014. On October 11, 2012, Synovus filed an amendment to its summary-judgment motion to correct a clerical error. On November 21, 2012, Synovus filed a supplement to its summary-judgment motion. On December 4, 2012, Mitchell filed a response to Synovus's amended motion for a summary judgment. That response, however, was substantively identical to Mitchell's original response to Synovus's summary-judgment motion. On June 18, 2013, the trial court entered an order setting a status conference for July 16, 2013. It is unclear whether that conference occurred. Other than those filings and that single court order, it does not appear that the parties or the trial court took any other action concerning the case until after Mitchell's death in July 2014.

missal. The trial court did not enter an order dismissing the case.

On February 20, 2015, Synovus filed a "motion to set aside stipulation of dismissal." In that motion, Synovus claimed that it had received information that Mitchell was the primary beneficiary of two life-insurance policies insuring the life of his late wife and that it would not have entered into the stipulation of dismissal had it been aware of Mitchell's interest in the insurance policies. On April 8, 2015, Dillard filed a response to Synovus's motion to set aside the stipulation of dismissal in which he argued that Synovus was bound by the stipulation of dismissal. On May 1, 2015, Synovus filed a "motion to rule as a matter of law under Rule 41(a)(1)(ii)[, Ala. R. Civ. P.,] that this case is not dismissed, or in the alternative, motion to set aside joint stipulation of dismissal pursuant to Rule 60(b)[, Ala. R. Civ. P.]." In that motion, Synovus argued that the stipulation of dismissal failed to comply with Rule 41(a)(1)(ii), Ala. R. Civ. P., and, thus, that it had not operated to dismiss the action; however, the argument continued, if the trial court determined that the stipulation of dismissal had dismissed the action, the dismissal should be set aside pursuant to Rule 60(b), Ala. R. Civ. P. On May 5, 2015, Dillard filed a response in which he argued that the stipulation of dismissal had terminated the action and, consequently, had deprived the trial court of jurisdiction to entertain Synovus's Rule 60(b) motion.

On May 14, 2015, the trial court entered an order in which it found that the stipulation of dismissal had terminated the trial court's subject-matter jurisdiction. In accordance with that finding, the trial court denied Synovus's motion to set aside the stipulation of dismissal. Synovus timely appealed.

## Standard of Review

■ "Dismissal under Rule 41(a)(1) is a question of law and, therefore, is reviewa-

ble *de novo.*" *Riverstone Dev. Co. v. Nelson,* 91 So.3d 678, 681 (Ala.2012).

## Discussion

■ As it did in the trial court, Synovus argues that the stipulation of dismissal did not comply with Rule 41(a)(1)(ii) and, thus, did not operate to dismiss the action. We need not address that argument, however, because we hold that the stipulation of dismissal operated to dismiss Synovus's action pursuant to Rule 41(a)(1)(i), Ala. R. Civ. P. Rule 41(a)(1), Ala. R. Civ. P., provides, in pertinent part:

"Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) *by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment,* whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice...."

(Emphasis added.)

■ It is apparent that Synovus was operating under the assumption that it needed Mitchell's consent to dismiss the action. However, Rule 41(a)(1)(i) expressly provides that a plaintiff need only file with the court a notice of dismissal to dismiss his or her action if the defendant has not served the plaintiff with an answer or a motion for a summary judgment. Such notice of dismissal, once filed with the court, *automatically* dismisses the action; no subsequent order of the court is required. *Riverstone,* 91 So.3d at 681 ("If the conditions of Rule 41(a)(1) are satisfied, dismissal is automatic, that is, '[n]o order of the court is required.... [and] the notice [of dismissal] terminates the action....'" (quoting 9 Charles Alan

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2363, at 439–41 (3d ed.2008))). In this case, it is undisputed that Mitchell never filed an answer or a motion for a summary judgment.[2] Thus, in order to dismiss the action, Synovus needed only to file with the trial court notice that it desired to dismiss the action; neither Mitchell's consent nor a court order was required.

Although Rule 41(a)(1)(i) states that a plaintiff may dismiss an action by filing a "notice of dismissal," the rule does not prescribe specific, technical requirements for the form of that notice. In *Reid v. Tingle*, 716 So.2d 1190 (Ala.Civ.App.1997), the Court of Civil Appeals held that a letter written from the plaintiff to her attorney instructing the attorney to " 'dismiss this lawsuit immediately' " met the requirements of Rule 41(a)(1)(i) "in that it [gave] notice of the plaintiff's desire to dismiss the action, and it was filed with the clerk's office." 716 So.2d at 1192–93. The United States Court of Appeals for the Eleventh Circuit has held that a filing styled as a "motion to dismiss" that indicated that the plaintiff would refile the action in state court constituted a notice of dismissal for purposes of Rule 41(a)(1)(A)(i), Fed.R.Civ.P., which is substantially similar to our own Rule 41(a)(1)(i). *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir.1990). Thus, it is the substance, not the style, of a plaintiff's notice that triggers an automatic dismissal under Rule 41(a)(1)(i).

In this case, there can be no serious argument that Synovus, in filing the stipulation of dismissal, was providing notice to the trial court of its desire to dismiss the action with prejudice; the stipulation of dismissal is unequivocal in that regard.

That the notice is styled as a stipulation of dismissal and contains the unnecessary signature of the defendant's attorney are facts of no consequence in that they do nothing to diminish the clarity of Synovus's desire to dismiss the action. Because Mitchell had yet to serve Synovus with an answer or a motion for a summary judgment, the stipulation of dismissal, once filed with the trial court, immediately and automatically terminated the action pursuant to Rule 41(a)(1)(i). *Riverstone, supra.* Furthermore, because the stipulation of dismissal expressly indicates Synovus's desire to dismiss the action with prejudice, the dismissal operated to that effect. *See* Rule 41(a)(1) (indicating that a voluntary dismissal is without prejudice *"[u]nless otherwise stated* in the notice of dismissal or stipulation" (emphasis added)).

■ Synovus's voluntary dismissal *"ipso facto* deprived the trial court of the power to proceed further with the action and rendered all orders entered after its filing void." *Ex parte Sealy, L.L.C.*, 904 So.2d 1230, 1236 (Ala.2004). Nevertheless, Synovus argues that, after dismissal of the action, the trial court retained limited authority to entertain Synovus's Rule 60(b) motion to set aside the dismissal. We agree. Although this Court has not previously addressed whether a party may seek relief from a voluntary dismissal by filing a motion pursuant to Rule 60(b), we note that the Committee Comments to Rule 41 state: "A dismissal, whether voluntary or involuntary, may be set aside by the court, like any other judgment, on proper motion under Rule 60(b)." In accord is the majority of federal circuits when considering whether a voluntary dismissal pursuant to Rule 41(a)(1)(A), Fed.R.Civ.P., can be set aside by a motion filed pursuant to Rule

---

**2.** Although Mitchell filed a motion to dismiss the action, a motion to dismiss does not terminate a plaintiff's right to voluntarily dismiss the action pursuant to Rule 41(a)(1)(i) unless the motion to dismiss is converted into a motion for a summary judgment. *See Ex parte Yarbrough*, 788 So.2d 128, 130 n. 2 (Ala.2000).

60(b), Fed.R.Civ.P., both of which are substantially similar, respectively, to our own Rule 41(a)(1) and Rule 60(b). *See,* e.g., *White v. National Football League,* 756 F.3d 585, 595 (8th Cir.2014) (agreeing with those circuits holding that a stipulated dismissal constitutes a " 'judgment' under Rule 60(b)"); *Yesh Music v. Lakewood Church,* 727 F.3d 356, 362–63 (5th Cir. 2013) (holding that "a Rule 41(a)(1)(A) voluntary dismissal without prejudice constitutes a 'final proceeding' " that is "subject to vacatur under Rule 60(b)"); *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011) (holding that a voluntary, unilateral dismissal does not deprive a district court of jurisdiction to entertain a Rule 60(b) motion); *Schmier v. McDonald's LLC,* 569 F.3d 1240, 1242 (10th Cir.2009) (holding that, "[l]ike other final judgments, a dismissal with prejudice under Rule 41(a)(1)(A)(i) can be set aside or modified under [Rule] 60(b)"); *Olmstead v. Humana, Inc.,* 154 Fed.App'x 800 (11th Cir.2005) (not selected for publication in the *Federal Reporter* ) (affirming, without discussing the federal district court's authority, a judgment denying the plaintiff's Rule 60(b), Fed.R.Civ.P., motion to set aside his voluntary dismissal without prejudice); *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 139 (2d Cir.2004) (quoting *Hinsdale v. Farmers Nat'l Bank & Trust Co.,* 823 F.2d 993, 995–96 (6th Cir.1987), and noting that *Hinsdale* held that a stipulation of dismissal " 'terminated the district court's jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b),' " Fed.R.Civ.P.); and *Warfield v. AlliedSignal TBS Holdings, Inc.,* 267

F.3d 538 (6th Cir.2001) (affirming, without discussing the federal district court's authority, a judgment denying the plaintiff's Rule 60(b), Fed.R.Civ.P., motion to set aside her voluntary dismissal with prejudice). Those decisions of the federal circuits, though not binding, are persuasive. *Sealy,* 904 So.2d at 1235 (" '[W]e normally consider federal cases interpreting the federal rules of procedure as persuasive authority.' " (quoting *Hammond v. Brooks,* 516 So.2d 614, 616 (Ala.1987))). Accordingly, we hold that the trial court erred in determining that it lacked jurisdiction to rule on Synovus's Rule 60(b) motion.

Ordinarily, this Court reviews the denial of a Rule 60(b) motion to determine whether, in denying the motion, the trial court exceeded its discretion.[3] *Kupfer v. SCI–Alabama Funeral Servs., Inc.,* 893 So.2d 1153, 1155 (Ala.2004). However, in this case, it is apparent that the trial court based its denial of Synovus's Rule 60(b) motion not on the *merits* of the motion but, rather, on the trial court's determination that it lacked *jurisdiction* to consider the motion. Because the trial court did not consider the merits of Synovus's motion, we cannot address Synovus's argument that the trial court exceeded its discretion in denying the motion; indeed, there was no exercise of discretion for this Court to review. Thus, we reverse the order denying Synovus's Rule 60(b) motion and remand the case for the trial court to consider the merits of Synovus's Rule 60(b) motion and to enter a judgment in accordance with its consideration of the merits of that motion.[4]

REVERSED AND REMANDED.

---

**3.** A judgment granting or denying a motion made pursuant to Rule 60(b)(4), Ala. R. Civ. P., is not reviewed for an excess of discretion. *Nationwide Mut. Fire Ins. Co. v. Austin,* 34 So.3d 1238, 1242 (Ala.2009). Rule 60(b)(4), however, is not applicable in this case.

**4.** This opinion should not be interpreted as validation of the merits of Synovus's Rule 60(b) motion. We merely hold that the trial court retains the authority to consider the motion and to grant or deny the motion based on the trial court's consideration of the merits.

MOORE, C.J., and STUART, BOLIN, PARKER, SHAW, and MAIN, JJ., concur.

MURDOCK, J., concurs specially.

MURDOCK, Justice (concurring specially).

I agree with the reversal of the trial court's order in this case denying the Rule 60(b), Ala. R. Civ. P., motion filed by Synovus Bank on May 1, 2015, and the remand of this case for the trial court to address the merits of that motion. In so doing, and particularly in concurring in the instructions to the trial court to take up the merits of Synovus's Rule 60(b) motion on remand, I find it important to note that the appeal before us is in fact filed only with respect to the trial court's order denying that particular motion. A denial of a motion filed pursuant to Rule 60(b) is an order separate from the underlying judgment and is separately appealable as such. E.g., *Branson v. Moore Grp., Inc.,* 439 So.2d 116, 118 (Ala.1983). Synovus does not appeal from "the underlying judgment" effected by the stipulation of dismissal filed by it and, concomitantly, does not contest in this appeal the denial by operation of law of what in effect was a Rule 59, Ala. R. Civ. P., postjudgment motion filed by Synovus on February 20, 2015.

Under the particular facts of this case, I concur in giving the filing made by Synovus in an attempt to satisfy the requirements for a joint "stipulation of dismissal" prescribed in Rule 41(a)(1)(ii), Ala. R. Civ. P., effect as a unilateral "notice of dismissal" under Rule 41(a)(1)(i), Ala. R. Civ. P. I do not foreclose the possibility, however, that, under different circumstances, a party might justifiably be able to rely upon the fact of a deficiency in an attempted "stipulation" or object to the finality of a deficient "stipulation," and I do not read the main opinion as reaching that issue or necessarily foreclosing that possibility.

As alluded to above, I also note that a dismissal under Rule 41 effects a "final judgment" of the case for purposes, *inter alia,* of postjudgment motions (e.g., motions filed under Rules 52 and 59, Ala. R. Civ. P.) *challenging that dismissal.* See, e.g., *Schmier v. McDonald's LLC,* 569 F.3d 1240, 1242 (10th Cir.2009) (explaining that a dismissal with prejudice operates as a final judgment and citing *Warfield v. AlliedSignal TBS Holdings, Inc.,* 267 F.3d 538, 542 (6th Cir.2001));[5] *Shong–Ching Tong v. First Interstate Servs. Co.,* 34 F.3d 1073 (9th Cir.1994) (to same effect). See also *Hicks v. NLO, Inc.,* 825 F.2d 118, 120 (6th Cir.1987) (citing 5 *Moore's Federal Practice* ¶ 41.05[3] (2d ed.1986), for the proposition that a dismissal, even without prejudice, operates as a final judgment as to the case in which it is filed). Indeed, the Committee Comments to Alabama's Rule 41 reveal the same understanding, i.e., that a voluntary dismissal under Rule 41(a) effects a "judgment" from which "postjudgment" relief can be sought. The comments expressly acknowledge, for example, that a party may file a postjudgment motion under Rules 52(b) and 59(a) and likewise refer to a dismissal as being "like any other judgment" in acknowledging that postjudgment relief under Rule 60(b) may be sought. See Rule 41, Ala. R. Civ. P., Committee Comments on 1973 Adoption.

The main opinion quotes language from *Ex parte Sealy, L.L.C.,* 904 So.2d 1230, 1236 (Ala.2004), referring to the lack of "jurisdiction" on the part of a circuit court once a dismissal is filed. 206 So.3d at 570. I do not read the quoted passage from *Sealy,* however, as indicating that the trial

---

**5.** "The committee comments to Rule 41 state that this rule is substantially the same as the federal rule, and we normally consider federal cases interpreting the federal rules of procedure as persuasive authority." *Hammond v. Brooks,* 516 So.2d 614, 616 (Ala.1987).

court is deprived of the authority to revisit (pursuant to appropriate procedures governing postjudgment matters) the efficacy of the purported dismissal itself as a judgment, but, rather, that the trial court is prevented from taking any other action, i.e., any action inconsistent with the fact that the dismissal did effect such a judgment.[6] As is the case following the entry of any other final judgment, such judgment remains within the bosom of the court for 30 days as to any issues affecting the efficacy of that dismissal.

---

6. *Ex parte Sealy, L.L.C.*, 904 So.2d 1230 (Ala. 2004), and subsequent cases reiterating the proposition for which it is cited in the main opinion involved situations in which, following a voluntary dismissal, a party filed a pleading or motion, or the trial court entered an order, that contemplated some control by the trial court over the parties' dispute other than for the purpose of addressing the efficacy of the judgment of dismissal itself. For example, in *Sealy*, the defendant filed an answer to the complaint more than 30 days after the voluntary dismissal filed by the plaintiff, after which the trial court purported to enter a dismissal of the action with prejudice. It was in the context then of a voluntary dismissal that had already taken effect as a final judgment that this Court stated that the trial court lacked jurisdiction to enter some further order purporting to dispose of the case. In *Greene v. Town of Cedar Bluff*, 965 So.2d 773 (Ala.2007), a motion to intervene was filed by a third party after the trial court purported to refuse to accept a duly filed stipulation of dismissal filed by the parties to the action. The third party argued to this Court that the trial court erred in denying his motion to intervene, but this Court stated that the trial court lacked jurisdiction to rule on the motion because the case already had been dismissed.