BRYAN, Justice.
Walker Brothers Investment, Inc., and James Walker (hereinafter referred to collectively as "Walker Brothers") appeal from an order entered by the Mobile Circuit Court granting a motion for a summary judgment filed by the City of Mobile ("the City"). In response to a motion to clarify that its summary-judgment order applied to the Mobile Historic Development Commission ("the HDC") and the Architectural Review Board of the City of Mobile ("the Board"), the circuit court entered an order stating that those agencies "were not properly added to this lawsuit" and dismissing the complaint and the counterclaims.[1] For the reasons set forth herein, we dismiss the appeal.
Procedural History
On July 26, 2012, the City filed a complaint against Walker Brothers seeking a preliminary and a permanent injunction. In its complaint, the City alleged that Walker Brothers owned a building, known as the Tobin Building, located in a historic district in downtown Mobile and that Walker Brothers had allowed the building to deteriorate in violation of the Mobile City Code; the City asked the circuit court to enter an order requiring Walker Brothers to "mothball"[2] the Tobin Building in accordance with plans submitted by Walker Brothers and subsequently approved by the Board on November 16, 2011. On August 7, 2012, the circuit court set the City's request for a preliminary injunction for a hearing on September 5, 2012; the circuit court took some testimony at that hearing but continued the remainder of the hearing until September 12, 2012.
On September 11, 2012, the City filed a motion to dismiss, alleging that, since the filing of their complaint, Walker Brothers had mothballed the Tobin Building as the City had requested. The City stated that "there no longer exists a justiciable controversy" between the parties, and it asked the court to "enter an order finding that the case has become moot and that [the *59 City]'s complaint be dismissed without prejudice."
Later on September 11, 2012, Walker Brothers filed an answer to the City's complaint and a counterclaim alleging "unequal and unfair enforcement of applicable laws." Walker Brothers argued that the City, through the HDC and the Board, had treated Walker Brothers unequally from other developers of historic properties, and it alleged that the City had engaged in selective enforcement of the City's rules and regulations in a manner that "amounted to malicious prosecution and abuse of process." The same day, Walker Brothers also filed an objection to the City's motion to dismiss, stating that it had intentionally left part of the mothballing plan uncomplete so that it could file a counterclaim against the City. The circuit court purported to grant the City's motion to dismiss later the same day.
Still on September 11, 2012, Walker Brothers filed a motion to reconsider the circuit court's order dismissing the City's complaint. On October 11, 2012, the City filed an affidavit from Devereaux Bemis, the director of the HDC, in "support" of its motion to dismiss. Bemis testified that from September 5 through September 11 Walker Brothers had voluntarily mothballed the Tobin Building and, after he inspected the property on September 11, he determined that Walker Brothers had "substantially and satisfactorily mothballed the buildings in accordance with plans submitted" by Walker Brothers as requested in the City's complaint.
On October 12, 2012, the circuit court entered an order granting Walker Brothers' motion to reconsider its order dismissing the City's complaint; the circuit court stated that Walker Brothers' counterclaim was "reinstated and [the City]'s motion to dismiss is granted without prejudice."
Walker Brothers subsequently obtained leave of the circuit court to file an amended counterclaim, which it did on March 12, 2013. In its amended counterclaim, Walker Brothers reasserted the claim raised in its original counterclaim and added a claim against the City, the HDC, the Board, and several fictitiously named parties. In this second claim, Walker Brothers alleged that the actions of the City, the HDC, and the Board in interpreting and enforcing rules, regulations, and ordinances were arbitrary, capricious, and discriminatory against Walker Brothers and that those actions, it said, "violated the equal protection clause of the Alabama and United States Constitutions." The City, the HDC, and the Board filed a joint answer to the amended counterclaim on March 26, 2013.
The City filed a motion for a summary judgment, arguing that Walker Brothers could not prevail on its selective-enforcement equal-protection claim because, it said, Walker Brothers was not, nor did it allege to be, a member of a suspect class. After Walker Brothers filed a response and the City, the HDC, and the Board replied, the circuit court granted the City's summary-judgment motion. The circuit court subsequently entered a series of orders clarifying that it had ruled on each of Walker Brothers' counterclaims and that all Walker Brothers' claims against all parties had been denied. Walker Brothers timely appealed.
Jurisdiction
Initially, we must address a jurisdictional argument raised by the City, the HDC, and the Board (hereinafter referred to collectively as "the appellees"). The appellees contend that the appeal is due to be dismissed because Walker Brothers' counterclaim was filed after the City voluntarily dismissed its complaint pursuant to Rule 41(a)(1)(i), Ala. R. Civ. P., and the appellees contend that, therefore, the circuit *60 court lost power to take any further action in the case, including considering Walker Brothers' counterclaim, after the City filed its motion to dismiss on September 11, 2012. See generally Ex parte Sealy, L.L.C., 904 So.2d 1230, 1236 (Ala. 2004) (holding, where defendant filed a counterclaim against the plaintiff after the plaintiff had filed a notice of dismissal pursuant to Rule 41(a)(1)(i), that the notice of dismissal filed by the plaintiff "deprived the trial court of the power to proceed further with the action and rendered all orders entered after its filing void"). Rule 41(a)(1) provides:
"(a) Voluntary Dismissal; Effect Thereof.
"(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice ...."
This Court discussed Rule 41(a)(1)(i) recently in Synovus Bank v. Mitchell, 206 So.3d 568 (Ala. 2016). In that case, the plaintiff, Synovus Bank, filed a stipulation of dismissal, purportedly pursuant to Rule 41(a)(1)(ii). However, because the defendant had not served Synovus with an answer or a motion for a summary judgment, this Court held that the stipulation of dismissal satisfied Rule 41(a)(1)(i). In this regard, the Court stated:
" Rule 41(a)(1)(i) expressly provides that a plaintiff need only file with the court a notice of dismissal to dismiss his or her action if the defendant has not served the plaintiff with an answer or a motion for a summary judgment. Such notice of dismissal, once filed with the court, automatically dismisses the action; no subsequent order of the court is required. Riverstone [Dev. Co. v. Nelson], 91 So.3d [678,] 681 [ (Ala. 2012) ] ('If the conditions of Rule 41(a)(1) are satisfied, dismissal is automatic, that is, "[n]o order of the court is required.... [and] the notice [of dismissal] terminates the action....' " (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2363, at 439-41 (3d ed. 2008) )). In this case, it is undisputed that [the defendant] never filed an answer or a motion for a summary judgment. Thus, in order to dismiss the action, Synovus needed only to file with the trial court notice that it desired to dismiss the action; neither [the defendant]'s consent nor a court order was required.
"Although Rule 41(a)(1)(i) states that a plaintiff may dismiss an action by filing a 'notice of dismissal,' the rule does not prescribe specific, technical requirements for the form of that notice. In Reid v. Tingle, 716 So.2d 1190 (Ala. Civ. App. 1997), the Court of Civil Appeals held that a letter written from the plaintiff to her attorney instructing the attorney to " 'dismiss this lawsuit immediately' " met the requirements of Rule 41(a)(1)(i) 'in that it [gave] notice of the plaintiff's desire to dismiss the action, and it was filed with the clerk's office.' 716 So.2d at 1192-93. The United States Court of Appeals for the Eleventh Circuit has held that a filing styled as a 'motion to dismiss' that indicated that the plaintiff would refile the action in state court constituted a notice of dismissal for purposes of Rule 41(a)(1)(A)(i), Fed. R. Civ. P., which is substantially similar to our own Rule 41(a)(1)(i).
*61 Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990). Thus, it is the substance, not the style, of a plaintiff's notice that triggers an automatic dismissal under Rule 41(a)(1)(i)."
Synovus, 206 So.3d at 570-71 (footnote omitted).
This Court has held that a dismissal pursuant to " ' Rule 41(a)(1) affords the plaintiff an unqualified right to dismiss' its action before the filing of an answer or a summary-judgment motion." Ex parte Sealy, 904 So.2d at 1235 (quoting Clement v. Merchants Nat'l Bank of Mobile, 493 So.2d 1350, 1353 (Ala. 1986) ). Further, a plaintiff may cause an automatic dismissal of its action pursuant to Rule 41(a)(1)(i) even when, as in this case, the defendant has "appeared" before the circuit court. See Synovus, 206 So.3d at 569 (noting that the defendant filed a motion to dismiss and a response to a summary-judgment motion filed by Synovus before Synovus acted to dismiss its complaint pursuant to Rule 41(a)(1)(i) ); and Ex parte Sealy, supra (noting that the defendant moved to strike portions of the plaintiff's amended complaint, requested an award of attorney fees, and appeared at a hearing before the plaintiff successfully moved to dismiss its action pursuant to Rule 41(a)(1)(i) ).
In the present case, although Walker Brothers had appeared at the preliminary-injunction hearing on September 5, 2012, the record unequivocally establishes that Walker Brothers had not served an answer pursuant to Rule 5(e), Ala. R. Civ. P., or a motion for a summary judgment before the City filed its "motion" to dismiss. Although the City's filing was styled as a motion to dismiss and asked the circuit court to dismiss the action because it was moot, the motion clearly provided notice to the circuit court of the City's "desire[ ] to dismiss the action." Synovus, 206 So.3d at 571. Accordingly, because this motion met the requirements of Rule 41(a)(1)(i) and clearly indicated the City's desire to dismiss the action, the motion acted to "immediately and automatically" terminate the action pursuant to Rule 41(a)(1)(i), and the circuit court's order "dismissing" the City's action was not required. Id.
"The effect of a notice of dismissal pursuant to Rule 41(a)(1) was succinctly explained in Reid v. Tingle, 716 So.2d 1190, 1193 (Ala. Civ. App. 1997). There, the Court of Civil Appeals said:
" 'A voluntary dismissal under Ala. R. Civ. P. 41 terminates the action when the notice of the plaintiff's intent to dismiss is filed with the clerk. See ... Hammond v. Brooks, 516 So.2d 614 (Ala. 1987). The committee comments to Rule 41, Ala. R. Civ. P., note that the rule is "substantially the same as the corresponding federal rule." See Ala. R. Civ. P. 41, Committee Comments on 1973 Adoption. In interpreting F. R. Civ. P. 41(a)(1), the Fifth Circuit stated:
" ' " Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone."
" ' American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963).'
" 716 So.2d at 1193....
*62 "Although cases involving a Rule 41(a)(1) dismissal 'are not perfectly analogous to cases in which the ... court lacks subject matter jurisdiction, both contexts present the question of the court's continuing power over litigants who do not, or no longer, have a justiciable case before the court.' Chemiakin v. Yefimov, 932 F.2d 124, 128 (2d Cir. 1991). Thus, it is sometimes stated that a Rule 41(a)(1) dismissal deprives the trial court of 'jurisdiction' over the 'dismissed claims.' Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001) ; see Safeguard Business Sys., Inc. v. Hoeffel, 907 F.2d 861, 864 (8th Cir. 1990) ; see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004) ; Netwig v. Georgia Pacific Corp., 375 F.3d 1009, 1011 (10th Cir. 2004) ; Meinecke v. H & R Block of Houston, 66 F.3d 77, 82 (5th Cir. 1995) ; Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976) ('The court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void.').
"Similarly stated, '[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.' In re Piper Aircraft Distrib. Sys. Antitrust Litig., 551 F.2d 213, 219 (8th Cir. 1977)."
Ex parte Sealy, 904 So.2d at 1235-36 (some emphasis omitted; some emphasis added). Stated differently, the effect of a plaintiff's voluntary dismissal pursuant to Rule 41(a)(1)(i) is that it " 'ipso facto deprived the trial court of the power to proceed further with the action and rendered all orders entered after its filing void.' " Synovus, 206 So.3d at 571 (quoting Sealy, 904 So.2d at 1236 ).
In light of the foregoing, we must consider what effect, if any, Walker Brothers' "motion to reconsider" had in reinstating the City's complaint so as to allow the circuit court to consider Walker Brothers' counterclaims. In Synovus, this Court held that, after Synovus's action was voluntarily dismissed pursuant to Rule 41(a)(1)(i), the trial court retained limited authority to consider a Rule 60(b), Ala. R. Civ. P., motion filed by Synovus to set aside its voluntary notice of dismissal. We noted that the Committee Comments to Rule 41 expressly provide that " '[a] dismissal, whether voluntary or involuntary, may be set aside by the court, like any other judgment, on proper motion under Rule 60(b),' " and we further noted that this provision was in accord with the "majority of federal circuits when considering whether a voluntary dismissal pursuant to Rule 41(a)(1)(A), Fed. R. Civ. P., can be set aside by a motion filed pursuant to Rule 60(b), Fed. R. Civ. P., both of which are substantially similar, respectively, to our own Rule 41(a)(1) and Rule 60(b)." Synovus, 206 So.3d at 571-72. The Committee Comments to Rule 41, Ala. R. Civ. P., also indicate that a "rehearing may be requested under Rule 59(a)(2)[, Ala. R. Civ. P.,]" after a voluntary dismissal.[3]
Motions filed pursuant to Rule 60(b) and Rule 59, however, may be filed only in reference to a final judgment. See Jackson v. Sasser, 158 So.3d 469, 470 n. 2 and 3 (Ala. Civ. App. 2014). In Synovus, Synovus specifically requested a dismissal of its *63 claims with prejudice. See Synovus, 206 So.3d at 571 ("[B]ecause the stipulation of dismissal expressly indicates Synovus's desire to dismiss the action with prejudice, the dismissal operated to that effect."); and Rule 41(a)(1) (indicating that a voluntary dismissal is without prejudice "[u]nless otherwise stated in the notice of dismissal or stipulation"). In the present case, the City did not state otherwise; therefore, the City's complaint was dismissed without prejudice. See Palughi v. Dow, 659 So.2d 112, 113 (Ala. 1995) (dismissing an appeal taken from an order that dismissed the plaintiff's action without prejudice because the order was not a final judgment that would support an appeal). In R.E. Grills, Inc. v. Davison, 641 So.2d 225 (Ala. 1994), after the plaintiff's action was voluntarily dismissed without prejudice, this Court held that a "motion to reinstate," filed by the plaintiff six and one-half months later, could "be construed only as a Rule 60(b) motion to set aside a Rule 41(a)(2) [, Ala. R. Civ. P.,[4] ] order of voluntary dismissal." 641 So.2d at 227. Thus, although this Court did not discuss the question directly, it appears that the Court assumed that a voluntary dismissal without prejudice was sufficiently final to support a motion filed pursuant to Rule 60(b).
That conclusion is in accord with a majority of federal circuits that have directly considered this question. In Yesh Music v. Lakewood Church, 727 F.3d 356 (5th Cir. 2013), the United States Court of Appeals for the Fifth Circuit discussed the question "whether a voluntary dismissal without prejudice [pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P.,] can be a 'final judgment, order, or proceeding' within the meaning of Rule 60(b)[, Fed. R. Civ. P.]." 727 F.3d at 360. The court considered cases from the United States Courts of Appeals for the Third and Seventh Circuits that specifically held that a dismissal without prejudice was a sufficiently final proceeding so as to allow for a motion seeking relief pursuant to Rule 60(b), see Williams v. Frey, 551 F.2d 932, 934-35 (3d Cir. 1977), and Nelson v. Napolitano, 657 F.3d 586, 589 (7th Cir. 2011) ; the court also noted that the United States Courts of Appeals for the Ninth and Tenth Circuits had "also broadly found that a voluntary dismissal 'is a judgment, order, or proceeding from which Rule 60(b) relief can be granted,' " without distinguishing between actions dismissed with or without prejudice. Yesh Music, 727 F.3d at 361 (quoting In re Hunter, 66 F.3d 1002, 1004-05 (9th Cir. 1995) ). See also Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989) (" 'An unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed. R. Civ. P.,] Rule 60(b).' " (quoting McCall-Bey v. Franzen, 777 F.2d 1178, 1190 (7th Cir. 1985) )). The court went on to state:
"In addition, the Fourth Circuit, Sixth Circuit, and Supreme Court have all found that when a claim is voluntarily dismissed pursuant to a Rule 41(a)(1)(A)(ii ) stipulated dismissal, the court retains the ability to vacate the stipulated dismissal under Rule 60(b)(6). See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994) ; Fairfax Countywide Citizens Ass'n v. Fairfax County, Va., 571 F.2d 1299, 1302-03 (4th Cir. 1978) ; Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir. 1976). Stipulated dismissals under Rule 41(a)(1)(A)(ii), like unilateral dismissals under Rule 41(a)(1)(A)(i), require no judicial action or approval and are effective *64 automatically upon filing. Moreover, stipulated dismissals are also presumptively without prejudice, and so these courts have impliedly determined that a voluntary dismissal without prejudice is a final proceeding subject to vacatur under Rule 60(b). Because stipulated dismissals are no more 'final' than unilateral dismissals, nor do they require any more judicial intervention, it would be anomalous to call the former a 'final proceeding' while insisting that the latter is not."
Yesh Music, 727 F.3d at 361-62 (footnote omitted).
Accordingly, we conclude that the City's voluntary dismissal without prejudice was sufficiently final to support a motion filed pursuant to Rule 59(a) or Rule 60(b), Ala. R. Civ. P. Thus, we must now consider whether Walker Brothers, as the defendants, had the ability to file such a motion in an attempt to "fan the ashes of [the City's] action to life" in light of the "right running to [the City]" to voluntarily dismiss its action pursuant to Rule 41(a)(1)(i). American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963). In each of the cases cited above holding that a trial court has the ability to consider a motion filed pursuant to Rule 60(b) to reopen a case that has been voluntarily dismissed by the plaintiff pursuant to Rule 41(a)(1)(i) or its federal equivalent, the plaintiff was the party seeking to reopen the action it had previously voluntarily dismissed. In the present case, we have the unusual circumstance of the defendants seeking to have the plaintiff's case against them reinstated for the sole purpose of filing a counterclaim against the plaintiff.
Although this Court has never considered whether a defendant can challenge a plaintiff's notice of dismissal filed pursuant to Rule 41(a)(1)(i), several federal courts have considered that question. In Thorp v. Scarne, 599 F.2d 1169 (2d Cir. 1979), the United States Court of Appeals for the Second Circuit held that "notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur" by the defendant.[5] 599 F.2d at 1176. In that case, the plaintiff filed a complaint setting forth several claims against several defendants and seeking a temporary restraining order. The district court conducted a hearing on the application for a temporary restraining order, which was subsequently denied. The plaintiff, "apparently feeling that the cards were stacked against him, filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(i)." Thorp, 599 F.2d at 1171. A few hours later, the defendants filed a motion for a partial summary judgment. The district court then " 'so ordered' plaintiff's notice of dismissal." Id. Two days later, the defendants moved to vacate the notice of dismissal; the plaintiff opposed this motion, but the district court vacated the dismissal order and the plaintiff's notice of dismissal. On appeal, the Second Circuit stated that Rule 41(a)(1)(i) establishes a "bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action," 599 F.2d at 1175, and, citing American Cyanamid v. McGhee, supra, held that "notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur." Thorp, 599 F.2d at 1176 (emphasis added).
*65 Thus, the Court of Appeals vacated the district court's order vacating the notice of dismissal.
In D.C. Electronics, Inc. v. Narton Corp., 511 F.2d 294 (6th Cir. 1975), the United States Court of Appeals for the Sixth Circuit considered the issue "whether a district judge can, in the exercise of his discretion, invalidate a notice of dismissal filed by the plaintiff under Rule 41(a)(1)(i), Federal Rules of Civil Procedure, prior to service 'by the adverse party of an answer or of a motion for summary judgment.' " 511 F.2d at 295. In that case, the plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i) before the defendants had served an answer or filed a motion for summary judgment. The following day, the defendants served and filed an answer to the complaint and a counterclaim against the plaintiff. The defendants also "challenged the voluntary dismissal, and after a hearing the district court held that the notice of voluntary dismissal was ineffective because the case had progressed too far to allow dismissal, and ordered the notice of voluntary dismissal vacated." D.C. Electronics, 511 F.2d at 295. On appeal, the United States Court of Appeals for the Sixth Circuit, which also relied on the above-quoted part of American Cyanamid, supra, held:
" Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court. Other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i)."
511 F.2d at 298. Thus, the Court of Appeals reversed the district court's judgment vacating the plaintiff's notice of dismissal.
Similarly, the United States Court of Appeals for the Tenth Circuit has held that a district court lacks jurisdiction to reinstate, at the request of the defendant and over the objection of the plaintiff, an action that has been voluntarily dismissed by the plaintiff pursuant to Rule 41(a)(1)(i). See Netwig v. Georgia Pacific Corp., 375 F.3d 1009 (10th Cir. 2004) ; compare Schmier v. McDonald's LLC, 569 F.3d 1240, 1242 (10th Cir. 2009) (noting that court's decision in Netwig, supra, but holding that a district court has jurisdiction to consider a plaintiff's Rule 60(b) motion to set aside his own notice of dismissal pursuant to Rule 41(a)(1)(A)(i) ).
In Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544 (4th Cir. 1993), Marex, the plaintiff, filed an action in the district court seeking to be named the sole and exclusive owner of any objects recovered from the RMS Titanic or, alternatively, that it be granted a salvage award. The district court entered a "writ of arrest" pursuant to the Admiralty Rules, and, after the writ of arrest was published, Titanic Ventures, an American corporation, entered a special appearance seeking to vacate the writ of arrest. At the request of Titanic Ventures, the district court subsequently entered a temporary restraining order barring Marex from salvaging the wreck. Marex then filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i) ; it was undisputed that Titanic Ventures had not yet served Marex with an answer or a motion for a summary judgment when Marex filed its notice of voluntary dismissal. However, the district court vacated Marex's notice of dismissal and continued on with the proceeding. The district court subsequently allowed Titanic *66 Ventures to intervene, vacated Marex's warrant of arrest, granted Titanic Ventures exclusive right to salvage the wreck, and permanently enjoined Marex from taking any action to salvage the vessel. Marex appealed the district court's judgment, and the United States Court of Appeals for the Fourth Circuit reversed, holding:
"When Marex filed its notice of dismissal, Titanic Ventures had not filed an answer or a motion for summary judgment and under Rule 41(a)(1)(i) the action was terminated and the district court's interlocutory orders were vacated. See In re Piper Aircraft Distrib. Sys. Antitrust Litigation, 551 F.2d 213, 219 (8th Cir. 1977) (The voluntary dismissal 'carrie[d] down with it previous proceedings, and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim.') (quotation omitted). Although Titanic Ventures could possibly have initiated a new, independent civil action, the district court had no discretion to allow Titanic Ventures to intervene in the defunct action filed by Marex. Therefore, the district court's judgment is reversed."
Marex, 2 F.3d at 547-48.
In summary, the rule from these cases appears to be that only the plaintiff may file a motion seeking to reinstate an action after it was voluntarily dismissed pursuant to Rule 41(a)(1)(i). We find this rule well reasoned and in accord with Alabama law concerning voluntary dismissals pursuant to Rule 41(a)(1)(i). See Ex parte Sealy, 904 So.2d at 1235 (quoting American Cyanamid, 317 F.2d at 297 ). As discussed above, the City's "motion to dismiss" was a valid notice of dismissal pursuant to Rule 41(a)(1)(i), and, based on the authority cited above, we conclude that the circuit court was without the power to act on Walker Brothers' attempt to reinstate the City's action so that Walker Brothers could file a counterclaim.[6]
Accordingly, we must conclude that any order entered after the City filed its notice of dismissal on September 11, 2012, is void, including the summary judgment in favor of the City that is the basis of Walker Brothers' appeal to this Court. As noted above, this Court has held that the effect of a plaintiff's voluntary dismissal pursuant to Rule 41(a)(1)(i) is that it " 'ipso facto deprived the trial court of the power to proceed further with the action and rendered all orders entered after its filing void.' " Synovus, 206 So.3d at 571 (quoting Sealy, 904 So.2d at 1236 ). It is well settled that a void order will not support an appeal. See Wehle v. Bradley, 49 So.3d 1203, 1207 (Ala. 2010). Accordingly, Walker Brothers' appeal is due to be dismissed.
APPEAL DISMISSED.
Stuart, C.J., and Bolin, Parker, Shaw, Wise, and Sellers, JJ., concur.
Murdock and Main, JJ., dissent.

The issue whether the HDC and the Board were actually parties below is not relevant to the issue we address on appeal.

According to the City's complaint, "mothballing provides protection to the building and the public until an owner is willing or able to do the necessary restoration and maintenance."

Rule 59(a)(2) provides that "[a] new trial may be granted to all or any of the parties and ... (2) on all or part of the issues in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Alabama."

Rule 41(a)(2) provides for a voluntary dismissal of a plaintiff's action by order of the court if the plaintiff cannot meet the requirements of Rule 41(a)(1).

In 2007, Rule 41(a)(1)(i), Fed. R. Civ. P., was "restyled" as Rule 41(a)(1)(A)(i), Fed. R. Civ. P. See Schmier v. McDonald's LLC, 569 F.3d 1240, 1241 (10th Cir. 2009) (noting that Rule 41(a)(1)(i), Fed. R. Civ. P., was restyled in 2007 as Rule 41(a)(1)(A)(i) ). Thus, both rules are substantially similar to Ala. R. Civ. P., Rule 41(a)(1)(i).

Though this Court is not wholly unsympathetic to Walker Brothers' position, we note that all Walker Brothers had to do to foreclose the City from exercising its otherwise unfettered right to dismiss its action was to serve an answer or a motion for a summary judgment. See American Soccer Co. v. Score First Enterprises, 187 F.3d 1108 (9th Cir. 1999) (holding that plaintiff's notice of dismissal pursuant to Rule 41(a)(1)(i) was valid to terminate the district court's jurisdiction to further consider the case and that "[t]o cut off [the plaintiff]'s right to dismiss voluntarily, all [the defendant] had to do was to serve an answer or a motion for summary judgment"). This, it failed to do.