# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2084

_____

| | | |
|---|---|---|
| Bola Ajiwoju, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Carolyn Cottrell, Regional | * | |
| Director Webster University; | * | [UNPUBLISHED] |
| James Staley, Associate Vice | * | |
| President; James McGraw; Gregory | * | |
| Perlstein; Richard Sherman; | * | |
| Webster University, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 3, 2007
Filed: August 16, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Bola Ajiwoju appeals from the district court's[1] denial of his motions to set aside the stipulated dismissal of his action against Webster University (Webster). We affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

More than a year after commencing the lawsuit, and after dismissing the individual defendants, Ajiwoju filed with the district court a Settlement and Release Agreement governed by Missouri law, and a Stipulation of Dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). In a series of motions he acknowledged that he had agreed with Webster to settle the case, but he asserted that the settlement was unfavorable and fraudulent and he was "refusing" it, he asked the court to set aside the stipulation pursuant to Federal Rule of Civil Procedure 60(b), and he requested more money. Webster opposed the motions on jurisdictional and other grounds.

The district court found that Ajiwoju participated in settlement discussions with Webster, had an opportunity to read and ask questions about the settlement documents, and signed the agreement and stipulation. It further found that the agreement clearly released Webster from all claims and did not require court approval. The court thus denied Ajiwoju's motions, determining that there was no basis for Rule 60(b) relief and that it lacked jurisdiction to set aside the stipulated dismissal. On appeal, Ajiwoju argues that the stipulation should be vacated and his lawsuit reinstated because he did not sign the stipulation or agree to the terms of settlement, and because he was incompetent to enter into a settlement agreement. He argues alternatively that the court should have entered a dismissal without prejudice.

The decision to grant or deny a motion under Rule 60(b) lies with the district court and is reviewed for abuse of discretion. *See United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Id.* A voluntary dismissal pursuant to Rule 41(a)(1) is effective upon entry and does not require judicial approval. *See Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984). Because such a dismissal is effected without a court order, "there is no final order or judgment from which a party may seek relief under Rule

60(b)," and the district court thus lacks jurisdiction to grant a Rule 60(b) motion. *See Scher v. Ashcroft*, 960 F.2d 1053, 1053 (8th Cir. 1992) (unpublished per curiam).

The record belies Ajiwoju's claims on appeal that he did not sign the stipulation or agree to the terms of settlement. Nor does the record support the claim that he lacked the mental capacity to enter into the agreement. *See Brown v. United Missouri Bank, N.A.*, 78 F.3d 382, 386 (8th Cir. 1996) (test for competency to contract under Missouri law). The stipulation of dismissal was self-effectuating, and it expressly provided for dismissal with prejudice. *See* Fed. R. Civ. P. 41(a)(1)(ii) ("an action may be dismissed by the plaintiff without order of court . . . by filing a stipulation of dismissal signed by all parties"; *unless otherwise stated in stipulation*, dismissal is without prejudice). Thus, we conclude the district court did not abuse its discretion in denying Ajiwoju's Rule 60(b) motions.

Accordingly, we affirm. We also deny Ajiwoju's motion in opposition to Webster's corporate disclosure statement.

_____