W. EUGENE DAVIS, Circuit Judge:
Plaintiff-Appellee filed a copyright infringement complaint against Defendant-Appellant, which it later voluntarily dismissed without prejudice. Plaintiff-Appellee subsequently filed a motion to vacate its voluntary dismissal under Rule 60(b), which the district court granted. Because we find that a voluntary dismissal without *358 prejudice is a “final proceeding” under Rule 60(b) and the district court did not abuse its discretion in dismissing this case, we AFFIRM.
I.
Plaintiff-Appellee Yesh Music is a general partnership comprised of Appellees Richard Cupolo and John Emanuele, two musicians who write, record, and perform ambient music. Defendant-Appellant Lakewood Church (“Lakewood”), pastored by Joel and Victoria Osteen, is a Houston-based non-denominational church and one of the largest churches in the United States. In February 2010, Yesh Music granted Lakewood a limited license to use a song entitled “Signaling Through' the Flames” (“the Track”) in connection with various marketing media.
When Lakewood used the Track in a televised promotional broadcast, Yesh Music asserted that the limited license did not permit use of the Track on television and that in any case, the term of the license had expired. Unable to resolve their dispute, Yesh Music filed a copyright infringement suit against Lakewood in the district court in August 2011. On February 20, 2012, Yesh Music voluntarily dismissed the suit under Federal Rule of Civil Procedure 41(a)(1)(A)®.
The next day, Yesh Music re-filed the same suit against Lakewood in New York federal court. In response, Lakewood asked the ■ New York court to stay the action so that Lakewood could seek reimbursement of expenses incurred in the Texas action. In a hearing on its motion for costs in Texas district court, Yesh Music indicated that it had re-filed the action in New York in part because .it wished to substitute a newly-formed Yesh Music LLC as the party in interest. In response, Lakewood asserted that Yesh Music’s actions were mere legal posturing and that a New York venue would be burdensome on the parties. After voicing their respective concerns, the parties stipulated on the record before the Texas court as follows:
THE COURT: Okay. Then what have we agreed to here? We’ve agreed that the individual claimants will remain as plaintiffs. We’ve agreed that the case will proceed here and not in New York.... Is everybody okay with that?
[Parties agree]
On April 4, 2012, Yesh Music voluntarily dismissed its New York suit, again under Federal Rule 41(a)(1)(A)®.
Under Rule 41(a)(1)(B), the two successive voluntary dismissals of the lawsuit had the effect of rendering the second dismissal as one with prejudice. As a result, to reinstate its claim in the Texas district court, Yesh Music filed a motion for relief from a final judgment under Federal Rule 60(b). Specifically, the motion requested that the court vacate Yesh Music’s first voluntary dismissal and reinstate Yesh Music’s original Texas lawsuit. However, Lakewood contested the motion, contending that Rule 60(b) only provides for relief from final judgments, and that an initial voluntary dismissal under Rule 41(a) is not a final judgment. Accordingly, Lakewood argued, the Texas district court did not have subject matter jurisdiction and could not vacate Yesh Music’s first dismissal. Regardless, Lakewood argued that even if the district court could vacate the first dismissal, it would be an abuse of discretion to do so.
In its corresponding order, the district court rejected both of Lakewood’s arguments. Recognizing the broad equitable power granted to district courts under Rule 60(b), it determined that district courts retain jurisdiction to vacate voluntary dismissals without prejudice. More *359 over, because the parties had agreed to dismiss the New York action and reinstate the Texas action, the court found it would be unjust to deny Yesh Music’s motion. Lakewood now appeals.
II.
We review a district court’s grant of a Rule 60(b) motion for abuse of discretion. Frazar v. Ladd, 457 F.3d 432, 435 (5th Cir.2006). However, we review de novo any questions of law underlying the district court’s decision. Id.

III.

A.
Lakewood’s primary argument on appeal is that the district court lacked jurisdiction to vacate Yesh Music’s voluntary dismissal without prejudice.
In reinstating Yesh Music’s claim, the district court purported to grant relief from a judgment under Rule 60(b)(6). Rule 60(b) provides, in relevant part:
On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
(6) any other reason that justifies relief.
Specifically, the “final judgment, order, or proceeding” that the district court vacated in the instant case was Yesh Music’s Rule 41 voluntary dismissal. Under Rule 41(a)(1)(A),
[T]he plaintiff may dismiss an action without a court order by filing:
(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) a stipulation of dismissal signed by all parties who have appeared.
Rule 41(a)(1) “on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at any time prior to the defendant’s service of an answer or motion for summary judgment.” Pilot Freight Carriers, Inc. v. Int’l Bhd. of Teamsters, 506 F.2d 914, 915 (5th Cir.1975). Moreover, the first time a plaintiff voluntary dismisses his claim, it is without prejudice. See Rule 41(a)(1)(B). “[T]he effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit. The plaintiff suffers no impairment beyond his fee for filing. Stated differently, the plaintiff is free to return to the dismissing court or other courts at a later date with the same claim.” Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc., 434 F.3d 320, 324 (5th Cir.2005).[1] Relying on this reasoning, Lakewood argues that a Rule 41(a)(1)(a)® voluntary dismissal without prejudice is not a “final judgment, order, or proceeding”; and because Rule 60(b) only empowers a district court to vacate final dispositions, the district court is without jurisdiction to vacate a Rule 41(a)(1)(A)® voluntary dismissal without prejudice.
When interpreting Rules 41(a)(1) and 60(b), we are to “ ‘give the Federal Rules of Civil Procedure their plain meaning.’ As with a statute, our inquiry is complete if we find the text of the Rule[s] to be clear and unambiguous.”[2] We need look *360 no further than the text of Rule 60(b), Lakewood contends, because it only permits vacatur of a “final judgment, order, or proceeding;” moreover, Rule 41(a)(1)(B) deems first voluntary dismissals to be without prejudice. However, reading these rules together does not necessarily lead to Lakewood’s proffered conclusion. What the rules do not indicate and what we must determine is whether a voluntary dismissal without prejudice can be a “final judgment, order, or proceeding” within the meaning of Rule 60(b).
To provide this missing link, Lakewood relies on our decision in Harvey Specialty & Supply v. Anson, 434 F.3d 320. In that case, the court considered whether a Rule 41(a)(1) voluntary dismissal without prejudice was a “final judgment” for purposes of collateral estoppel.[3] Id. at 323-24. Recognizing that a plaintiff has an “absolute right” to a first voluntary dismissal and is free to return to court with the same claim, the court concluded that “[u]ltimately, a Rule 41(a)(1) dismissal is not a ‘final judgment.’ ” Id. at 324.
However, the question before the Harvey court — whether a voluntary dismissal without prejudice deserves preclusive effect — is a fundamentally different question than the question before us— whether a voluntary dismissal without prejudice is a “final judgment, order, or proceeding” subject to vacatur. Specifically, the requirement that a disposition be final does not necessarily mandate that it have been irrevocably judicially resolved.[4] Unlike the technical interpretation offered by Lakewood, a plain reading of “final” supports defining it as something which is practically “finished,” “closed,” or “completed.” See Gillespie v. U.S. Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) (“[T]he requirement of finality is to be given a ‘practical rather than a technical construction.’ ”). Unless a plaintiff acts to re-file her claim in the future, a Rule 41(a)(1)(A) voluntary dismissal terminates, closes, and ends her cause of action, and it can rightly be considered “final.”[5]
That determination does not end our inquiry, however, as we must also determine whether a voluntary dismissal without prejudice is a “judgment, order, or proceeding.” While judgments and orders might imply the involvement of a judicial action, a “proceeding” does not necessarily require any such action. Rather, “[t]he term ‘proceeding’ is indeterminate,” and may be used to describe the entire course of a cause of action or any act or step taken in the cause by either party. See Reid v. Angelone, 369 F.3d 363, 368 (4th Cir.2004).[6]
*361 Although we have not previously considered the question, the weight of the case-law from other circuits supports the conclusion that a dismissal without prejudice can be considered a final proceeding. In Williams v. Frey, 551 F.2d 932, 934-35 (3d Cir.1977),[7] the Third Circuit was faced with the same question presented by the instant case. Upholding the district court’s grant of Rule 60(b) relief from a Rule 41(a)(1) voluntary dismissal, ■ the Third Circuit explained: “[Rule] 60(b) speaks of relief from a final ‘proceeding’ as well as a final ‘judgment’ or ‘order’. The dismissal of the suit was, in our view, a proceeding, and it was clearly final. In sum, the court had the power to reopen the dismissed suit.”
In Nelson v. Napolitano, the Seventh Circuit also considered the same question. 657 F.3d 586, 589 (7th Cir.2011). The Nelson court reasoned that although a voluntary dismissal generally leaves the parties in the same position as if the suit had never been brought, that generalization has limits. Id. at 588-89. For instance, it is well-settled that certain related and ancillary matters remain subject to the court’s jurisdiction despite the plaintiffs dismissal. M[8] The Seventh Circuit then concluded that Rule 60(b) vacaturs are also within the realm of powers retained by a district court following a voluntary dismissal: “We agree that there may be instances where a district court may grant relief under rule 60(b) to a plaintiff who has voluntarily dismissed the action.” Id. at 589. ’ •
Without distinguishing between voluntary dismissals with and without prejudice, the Ninth Circuit and Tenth Circuit have also broadly found that a voluntary dismissal “is a judgment, order, or proceeding from which Rule 60(b) relief can be granted.” In re Hunter, 66 F.3d 1002, 1004-05 (9th Cir.1995); see also Smith v. Phillips, 881 F.2d 902, 904 (10th Cir.1989) (“ ‘[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed.R.Civ.P.] 60(b).’ ” (citation omitted)).[9]
In addition, the Fourth Circuit, Sixth Circuit, and Supreme Court have all found that when a claim is voluntarily dismissed pursuant to a Rule 41(a)(l)(A)(ü) stipulated dismissal, the court retains the ability to vacate the stipulated dismissal under Rule 60(b)(6). See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994);[10] *362 Fairfax Countywide Citizens Ass’n v. Fairfax County, Va., 571 F.2d 1299, 1302-03 (4th Cir.1978); Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir.1976).[11] Stipulated dismissals under Rule 41(a)(l)(A)(ii), like unilateral dismissals under Rule 41(a)(1)(A)®, require no judicial action or approval and are effective automatically upon filing.[12] Moreover, stipulated dismissals are also presumptively without prejudice,[13] and so these courts have impliedly determined that a voluntary dismissal without prejudice is a final proceeding subject to vacatur under Rule 60(b). Because stipulated dismissals are no more “final” than unilateral dismissals, nor do they require any more judicial intervention, it would be anomalous to call the former a “final proceeding” while insisting that the latter is not.
In contrast, the only circuit authority Lakewood has offered to support its contrary view is Ajiwoju v. Cottrell, an unpublished decision from the Eighth Circuit.[14] 245 Fed.Appx. 563, 564 (8th Cir.2007) (unpublished). In Ajiwoju, the court considered whether a plaintiff could use Rule 60(b) to vacate his previously filed Rule 41(a)(1) notice of voluntary dismissal with prejudice. Reasoning only that a voluntary dismissal under Rule 41 does not require judicial approval or a court order, the court concluded: ‘“there is no final order or judgment from which a party may seek relief under Rule 60(b),’ and the district court thus lacks jurisdiction to grant a Rule 60(b) motion.” Id. at 565.[15] This holding does not take into account whether a voluntary dismissal could be a “proceeding” and is in conflict with every other circuit to have considered the same question.[16]
In light of the extensive circuit cases discussed above, we are satisfied that a Rule 41(a)(1)(A) voluntary dismissal with *363 out prejudice qualifies as a “final proceeding.” Accordingly, Yesh Music’s voluntary dismissal is subject to vacatur under Rule 60(b).
B.
Lakewood next argues that even if the district court did have jurisdiction to vacate Yesh Music’s dismissal under .Rule 60(b), the district court nevertheless abused its discretion.
The district court vacated Yesh Music’s dismissal under Rule 60(b)(6). While Rule 60(b)(l-5) empowers the district court to grant relief because of a mistake, surprise, newly discovered evidence, fraud, or a void or discharged judgment, 60(b)(6) permits vacatur for “any other reason that justifies relief.” We have stated that “Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case.” Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir.1995) (citation omitted). However, “we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief ‘will be granted only if extraordinary circumstances are present.’ ” Id. (citation omitted). Accordingly, Rule 60(b)(6) requires a showing of “manifest injustice” and will not be used to relieve a party from the “free, calculated, and deliberate choices he has made.” Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350 (5th Cir.1993).
Lakewood asserts that the only purpose of Yesh Music’s Rule 60(b) motion is to seek relief from its two strategic choices to voluntarily dismiss its complaint, once in Texas and once in New York. As Lakewood points out, the well-known legal consequence of two voluntary dismissals is an inability to re-file the complaint. See Rule 41(a)(1)(B). Therefore, it is an abuse of discretion to use Rule 60(b)(6) to allow Yesh Music to avoid the consequences of its actions and reactivate its claim.
While Lakewood is correct that Rule 60(b)(6) should not be used to undo the damage done by a poor strategic decision, it ignores the primary reason the district court granted Yesh Music’s motion: the parties reached an agreement in open court, on the record, that the action would be dismissed in New York and reinstated in Texas. As the district court explained,
Plaintiffs operated with the understanding that this case would proceed in the Southern District of Texas. Surely, Plaintiffs’ choice to dismiss the original lawsuit was voluntary, affirmative, and tactical. Plaintiffs’ dilemma is unique, however, in that the parties concluded that the action would proceed in Texas, albeit without determining the precise procedural mechanism for doing so. As the parties had come to this agreement, it is appropriate to vacate the voluntary dismissal pursuant to Rule 60(b)(6), as failing to do so would cause.a manifest injustice.
The district court did not abuse its discretion in concluding that it would have been unfair to permit Lakewood to agree to reinstatement of the case in Texas, and then allow it to renege on its agreement because of the procedural path taken. While Lakewood insists that Yesh Music’s voluntary dismissal was a hasty attempt to avoid an award of duplicative action attorneys’ fees in New York, this contention is unpersuasive in light of the well-settled law that voluntary dismissals do not deprive courts' of the jurisdiction to award attorneys’ fees.[17] Moreover, the Texas *364 court has allayed any such concerns by awarding Lakewood attorneys’ fees for the duplication of efforts resulting from Yesh Music’s consecutive suits. Lakewood has therefore offered no substantial reason for allowing it to escape its court-sanctioned agreement, and the district court did not abuse its discretion by granting Yesh Music’s Rule 60(b) motion.
IV.
For the reasons stated above, the judgment of the district court is AFFIRMED.

. (internal citations, brackets, and quotes omitted).

. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 540-41, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) (quoting Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 123, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989)).

. To be clear, the Harvey court was actually concerned with the relitigation exception to the Anti-Injunction Act, which permits a federal court to enjoin state court proceedings where necessary to protect or effectuate the federal court’s judgments. Id. at 323. However, as the court recognized, collateral estoppel principles are relevant because it is on those principles that the relitigation exception is founded. Id.

. See Bell v. New Jersey, 461 U.S. 773, 779, 103 S.Ct. 2187, 76 L.Ed.2d 312 (1983) (finding that for purposes of appealability, the possibility of further judicial involvement does not necessarily mean an order is not final).

. See Devino v. Duncan, 215 F.Supp.2d 414, 417 (S.D.N.Y.2002) (" 'Although a voluntary dismissal without prejudice ... does not have preclusive effect on later claims, such a dismissal is a final judgment in the sense that it ends the pending action.’ ”) (citation omitted).

. citing Black's Law Dictionary 1204 (6th ed.1990); Black's Law Dictionary 1221 (7th ed.1999) (defining “proceeding” alternatively as "[a]n act or step that is part of a larger action”); accord Oxford English Dictionary.

. abrogated in part on other grounds by Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).

. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (holding that Rule 41(a)(1) dismissal does not divest court of jurisdiction to adjudicate matters such as court costs, attorney's fees, contempt charges, and Rule 11 sanctions).

. See also McCall-Bey v. Frangen, 111 F.2d 1178, 1190 (7th Cir.1985); 8 James Moore et al, Moore's Federal Practice § 41.34[6][i], at 41-128 (3d ed. 2012) ("The court retains jurisdiction to vacate a stipulation of dismissal under Rule 60(b), enabling it to reopen the case."); 0!Connor's Federal Rules* Civil Trials 2006 § 4.3, at 457 (M. Smith ed., 2006).

.("Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(h) (which does not by its terms empower a district court to attach conditions to the parties’ stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.”); see also Keeling v. Sheet Metal Workers Int’l Ass’n, Local Union 162, 937 F.2d 408, 410 (9th Cir.1991) ("Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, *362 and it justifies vacating the court’s prior dismissal order.”).

. abrogated, in part on other grounds by Kokkonen, 511 U.S. 375, 114 S.Ct. 1673 (1994).

. See United States v. City of Miami, Fla., 614 F.2d 1322, 1330 (5th Cir.1980) (finding that the court has "no role" when parties enter a Rule 41(a)(l)(A)(ii) stipulated dismissal); In re Wolf, 842 F.2d 464, 466 (D.C.Cir.1988) (" 'Caselaw concerning stipulated dismissals under Rule 41(a)(1)(h) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.' ” (quoting Gardiner v. A.H. Robins Co., Inc., 747 F.2d 1180, 1189 (8th Cir.1984))).

. Rule 41(a)(1)(B) provides that unless a stipulation of dismissal or first notice of dismissal states otherwise, the dismissal is without prejudice.

. Lakewood actually cites several additional circuit decisions to support its claim that "nu- ' merous other courts in other circuits have indicated that a district court does not have jurisdiction to vacate a Rule 41(a)(l)(A)(i) dismissal without prejudice.” However, each of them is inapposite to the instant case. Specifically, Netwig v. Georgia Pacific Corp., 375 F.3d 1009, 1010 (10th Cir.2004), and Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 545 (4th Cir.1993), interpreted Rule 41(a)(1) and held only that another party cannot intervene or use Rule 60(b) to interfere with a plaintiff's unconditional right to dismiss. Thorp v. Scarne, 599 F.2d 1169, 1176 (2d Cir.1979), is also distinguishable because it stands only for the proposition that a plaintiff enjoys an absolute right to voluntarily dismiss his action under Rule 41(a)(1) until the defendant has served a formal answer or motion for summary judgment.

. (quoting Scher v. Ashcroft, 960 F.2d 1053, 1053 (8th Cir.1992) (unpublished)).

. Specifically, at least three circuits have found that voluntary dismissals with prejudice are final proceedings for purposes of Rule 60(b).. See Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C.Cir.1987); Warfield v. Allied-Signal TBS Holdings, Inc., 267 F.3d 538, 541-42 (6th Cir.2001); Schmier v. McDonald’s LLC, 569 F.3d 1240, 1242 (10th Cir.2009).

. See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (district court may award Rule 11 *364 attorneys’ fees even if the plaintiff voluntarily dismisses the action under Rule 41).