# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11165

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

Lyle W. Cayce
Clerk

THOMAS SAWYER,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellee

--------------

CONSOLIDATED WITH 14-11164

THOMAS SAWYER,

Plaintiff - Appellant

v.

DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE-
CORRECTIONAL INSTITUTIONS DIVISION,

Defendant - Appellee

------------------

CONSOLIDATED WITH  14-11174

THOMAS SAWYER,

Plaintiff - Appellant

v.

No. 14-11165
c/w No. 14-11164 &
c/w No. 14-11174

DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION; DAVID POTTER, Doctor Allred Unit;
RICHARD E. WATHEN, Warden Allred Unit; TOMMY NORWOOD, Health
Administrator Allred Unit; JAMES D. ANDERS, Assistant Warden Allred
Unit,

Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CV-265
USDC No. 7:13-CV-90
USDC No. 7:13-CV-143

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas Sawyer, Texas prisoner # 579557, moves for leave to proceed in forma pauperis (IFP) in three consolidated appeals from the Wichita Falls and Lubbock Divisions of the district court. He also moves for appointment of counsel on appeal. All three cases involved the same or similar claims against the Texas Department of Criminal Justice (TDCJ) and prison officials under 42 U.S.C. § 1983.

We must examine the basis of our jurisdiction, on our own motion, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The 30-day deadline for filing a notice of appeal in a civil case is statutory, 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11165
c/w No. 14-11164 &
c/w No. 14-11174

§ 2107(c), and thus "a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Sawyer's appeals from the Wichita Division are untimely.

Even if we treat Sawyer's motion for "reconsideration" in case No. 14-11174 as a motion seeking relief under Federal Rule of Civil Procedure 59(e) that tolled the running of the 30-day deadline until the disposition of the motion on April 7, 2014, *see* FED. R. APP. P. 4(a)(4)(A)(iv), Sawyer's notice of appeal filed, at the earliest, on June 9, 2014, would still be late. Also, Sawyer's motions for "rehearing and reconsideration or appeal" did not "clearly evince his intent to appeal." *Mosley*, 813 F.3d at 660 (internal quotation marks and citation omitted). Accordingly, we DISMISS Sawyer's appeal No. 14-11174 for lack of jurisdiction.

Sawyer moved to dismiss his other Wichita Falls case voluntarily, and the district court closed it administratively under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Even if we assume for the sake of argument that such a disposition is appealable, *but see, e.g., Yesh Music v. Lakewood Church*, 727 F.3d 356, 364 (5th Cir. 2013) (Jolly, J., dissenting), Sawyer's notice of appeal several months later was untimely. We therefore DISMISS Sawyer's appeal No. 14-11164 for lack of jurisdiction.

Sawyer's appeal from the Lubbock Division must also be dismissed, albeit for a different reason. The district court denied Sawyer's IFP motion on two grounds: (1) that the three-strikes provision in 28 U.S.C. § 1915(g) barred Sawyer from appealing IFP because he failed to show that he was in imminent danger of serious physical injury and (2) that the appeal was not taken in good faith under § 1915(a)(3) "for the reasons stated in" the district court's prior orders that dismissed all of Sawyer's claims for failure to comply with court orders and that denied relief from the judgment. Sawyer's IFP motion

No. 14-11165
c/w No. 14-11164 &
c/w No. 14-11174

addresses the first finding but not the second.  Although this court liberally construes pro se briefs, "even pro se litigants must brief arguments in order to preserve them."  *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).  Sawyer has "effectively abandoned" the necessary showing for leave to appeal IFP.  *Id.*; *see Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (holding that an IFP motion "must be directed solely to the trial court's reasons for the certification decision").  Moreover, Sawyer has failed to identify "legal points arguable on their merits" regarding the dismissal of his claims for failure to comply with court orders or the denial of relief from the judgment of dismissal.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted); *see also Baugh*, 117 F.3d at 202 (noting that the merits of the appeal may be "so intertwined with the certification decision as to constitute the same issue").  Accordingly, we DENY Sawyer's IFP motion and DISMISS his appeal No. 14-11165 as frivolous.  *See* 5TH CIR. R. 42.2.

We also DENY Sawyer's motion for appointment of counsel.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

APPEALS DISMISSED IN PART FOR LACK OF JURISDICTION AND IN PART AS FRIVOLOUS; MOTIONS DENIED.