# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

BRUCE A. ROGERS,

Plaintiff-Appellant

v.

SHAWNA TALBOT BOATRIGHT, Supervisor, Texas Department of Criminal Justice-Correctional Institution Division; JOSE L. GARCIA, JR., Transportation Driver, Security; HERBERT J. GARCIA, Transportation Driver, Security; JOEL GARCIA,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1058

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bruce A. Rogers, Texas prisoner # 566928, has appealed the district court's order denying his motion under Federal Rule of Civil Procedure 60(b)(6) to reopen this civil rights lawsuit, which was voluntarily dismissed on Rogers's motion. Rogers contends that he has shown that he was prevented from

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20354

pursuing his civil rights claims by circumstances related to an illness and that the defendants have not shown that they will be prejudiced if his lawsuit is reopened. He argues that he should be permitted to proceed with his civil rights claims in the interests of justice.

Under Rule 60(b)(6), a court may relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Such a motion must be made "'within a reasonable time,' unless good cause can be shown for delay." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) (quoting FED. R. CIV. P. 60(c)(1)). A Rule 60(b)(6) motion will be granted only in extraordinary circumstances. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013). "Accordingly, Rule 60(b)(6) requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made." *Id.* (internal quotation marks and citation omitted). "Rule 60(b)(6) should not be used to undo the damage done by a poor strategic decision." *Id.*

At most, Rogers's illness provides good cause excusing his 14-month delay in moving for relief under Rule 60(b)(6). Rogers has not shown that the district court's denial of his Rule 60(b)(6) motion will result in a manifest injustice. *See id.* Extraordinary circumstances requiring relief under Rule 60(b)(6) are not present and have not been shown. *See id.* The district court's order is

AFFIRMED.