# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2022

Lyle W. Cayce
Clerk

No. 21-20605
Summary Calendar

Lesslie Rivera, Individually and a next friend of A.K.R., minor; Michael Rivera; A.K.R.,

*Plaintiffs—Appellants*,

*versus*

Juan M. Garza; City of Houston; Sergeant Gary L. Bender; Sergeant Corey Harrington,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3333

---

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

This case arises from the death of Plaintiff-Appellant Michael Rivera's dog, Max, and a shot to Lesslie Rivera's arm while she was holding her child, A.K.R. Defendant-Appellee Officer Juan M. Garza allegedly shot

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20605

Max when he recklessly discharged his weapon while executing an arrest warrant; one of the shots at Max hit Lesslie's arm.

The district court granted the Defendants-Appellees' 12(c) motion for judgment on the pleadings, then denied Plaintiffs-Appellants' motion for reconsideration. This appeal only asks "[w]hether the district court erred in denying Appellants' Motion for Reconsideration."

Plaintiffs-Appellants cite both Federal Rules of Civil Procedure 59(e) and 60(b) in support of their motion for reconsideration. Rule 59(e) provides the timeline for a "[a] motion to alter or amend a judgment."[1] "This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479. The district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration." *Id.* It must balance "two important judicial imperatives . . . 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id.*

Rule 60(b) states that "the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based

---

[1] The motion for reconsideration was not untimely because it was filed within 28 days of the entry of judgment.

on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Relief under the expansive sixth prong of the rule "requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'" *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (quoting *Edward H. Bolin Co. v. Banning Co.*, 6 F.3d 350 (5th Cir. 1993)).

Plaintiffs-Appellants contend that the district court was biased against them because "the court's actions demonstrate prejudgment of [their] claims." They assert that the court showed "hostility" to their claims and treated them with "ridicule." In support of their claims, they point to the court's comments made at a conference ten months before the order denying reconsideration was decided.

Even if we assume that Plaintiffs-Appellants' claims have merit, they should have been raised prior to their motion for reconsideration. Plaintiffs-Appellants do not present the extraordinary circumstances necessary to justify reconsideration of the district court's order.

AFFIRMED.