# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2025

Lyle W. Cayce
Clerk

No. 23-30829

Clifford Osborne; Deborah Olsen,

*Plaintiffs—Appellees*,

*versus*

Kevin Belton,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CV-208

Before Elrod, *Chief Judge*, and Oldham and Wilson, *Circuit Judges*.
Per Curiam:

Plaintiffs–Appellees Clifford Osborne and Deborah Olsen sued their former landlord, Defendant–Appellant Kevin Belton, for disability discrimination and retaliation under the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.*, and the Louisiana Equal Housing Opportunity Act (LEHOA), La. Rev. Stat. § 51:2601 *et seq.* (2024). After the district court granted Plaintiffs' motion for summary judgment, Belton moved under Federal Rule of Civil Procedure 60(b) for relief from the judgment, and the district court denied the motion. Belton then moved under Federal Rule of Civil Procedure 59(e) for reconsideration of the denial of his Rule 60(b) motion,

and the district court denied that motion as well. Belton appealed to this court.

Because Belton has not shown that the district court abused its discretion in denying his Rule 60(b) motion, we AFFIRM.

## I

### A

Osborne and Olsen leased a single-family home owned by Belton in 2018. At first, according to Osborne, Belton allowed them to keep a dog at the property temporarily, as an exception to the lease's no-pets policy. Soon after, though, Belton told Osborne that the dog was no longer allowed on the property and that they could only keep it in a neighboring yard. He also informed them that he would commence eviction proceedings if the dog remained on the property. The dispute escalated to the point where, on one occasion, Belton took the dog from the property's yard, drove it to a neighboring town, and abandoned it there.

In September 2018, Osborne's physician, Dr. Dirk Rainwater, provided Osborne with a letter stating his "professional opinion that [Osborne] would benefit from a service dog due to being mentally challenged" and, as a result, suffering from anxiety and depression. Osborne repeatedly attempted to give Belton the letter, but Belton refused to accept it.

Shortly thereafter, Belton filed a petition of eviction against Osborne and Olsen in a Louisiana justice of the peace court. The court granted the petition in October 2018, and Osborne and Olsen were evicted.

### B

In early 2020, Osborne and Olsen sued Belton in federal district court for disability discrimination under both the FHA and its Louisiana

equivalent, the LEHOA. After more than two years of litigation, Osborne and Olsen moved for summary judgment on all claims. Belton did not file an opposing brief. The district court granted the motion on August 3, 2022.

On August 2, 2023—just one day shy of a year after the grant of summary judgment—Belton moved under Rule 60(b) to set aside the judgment. The district court denied the motion on October 5, 2023. Twenty-eight days later, Belton moved under Rule 59(e) for reconsideration of the district court's denial of his Rule 60(b) motion. Belton's Rule 59(e) motion reiterated the same arguments he had made in his Rule 60(b) motion, and the district court similarly denied the Rule 59(e) motion. This appeal followed.

## II

Because this case comes to us in an unusual procedural posture, we begin by determining the appropriate scope of appellate review. In particular, we consider which of the district court decisions discussed in the parties' briefs—the grant of summary judgment, the order denying Belton's Rule 60(b) motion, and the order denying Belton's Rule 59(e) motion—we have jurisdiction to review.

We conclude that we may properly review only the order denying Belton's Rule 60(b) motion. Given that our caselaw does not make plain the reasoning that compels this conclusion, and so that we may provide guidance for future similar cases, we lay that reasoning out here.

## A

First, we consider whether these three district court decisions are within the scope of the notice of appeal, concluding that all of them are.

1

Federal Rule of Appellate Procedure 3(c)(5), which was added in 2021, states: "In a civil case, a notice of appeal encompasses the final judgment . . . if the notice designates: . . . (B) an order described in Rule 4(a)(4)(A)." Federal Rule of Appellate Procedure 4(a)(4)(A), in turn, refers to post-judgment orders in the district court under, *inter alia*, Rule 59 and Rule 60. Consequently, an appealing party's designation in his notice of appeal that he is appealing an order denying his post-judgment motion causes the notice of appeal to encompass the underlying judgment.

In the context of this case, this means that Belton's notice of appeal, which designates that he is appealing the district court's order denying his Rule 59(e) motion, should be read to also encompass the underlying grant of summary judgment, which is the final judgment in this case.

2

But this case has an additional feature: the district court issued an order denying Belton's Rule 60(b) motion between the date of its grant of summary judgment and the date it denied Belton's Rule 59(e) motion. Accordingly, we must consider whether Belton's notice of appeal also encompasses that order.

We conclude that any order disposing of a post-judgment motion prior to the specific post-judgment order designated in the notice of appeal should also be construed as included in the notice of appeal. Federal Rule of Appellate Procedure 3(c)(5) was added to "reduce the unintended loss of appellate rights" caused by courts that applied the *expressio unius* principle to notices of appeal that mentioned only a post-judgment motion and thereby reviewed only the specific post-judgment order listed. *See* Fed. R. App. P. 3, advisory committee's note to 2021 amendment. It remedied this problem by adding to this provision a mirror image of the merger rule, which teaches that

"an appeal from a final judgment permits review of all rulings that led up to the judgment." *Id.* (commenting on a different provision). While the general merger rule looks backward from the final judgment, encompassing all interlocutory orders, Federal Rule of Appellate Procedure 3(c)(5) looks forward from the final judgment, encompassing all post-judgment orders up to and including the order designated in the notice of appeal.

Moreover, Federal Rule of Appellate Procedure 3(c)(6) states that an "appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited" and that "[w]ithout such an express statement, specific designations do not limit the scope of the notice of appeal." This intimates that the default rule is that related orders are within the scope of the notice of appeal.

Finally, we "treat[] notices of appeal relatively liberally 'where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party.'" *R.P. ex rel. R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012) (quoting *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. July 1981)). This is because "[t]he purpose of the notice of appeal is to provide sufficient notice to the appellees and the courts of the issues on appeal." *Id.*

Consequently, we hold that if a party designates a post-judgment order in his notice of appeal, any orders disposing of post-judgment motions between the time of the underlying judgment and the specific post-judgment order designated in the notice of appeal should be construed as being included in the notice of appeal. This means that, in this case, we must construe Belton's notice of appeal as also including the district court's order denying his Rule 60(b) motion.

\* \* \*

In sum, we conclude that all three district court decisions plausibly at issue in this case—the grant of summary judgment, the order denying Belton's Rule 60(b) motion, and the order denying Belton's Rule 59(e) motion—are within the scope of his notice of appeal.

B

Second, we consider whether the notice of appeal was timely as to each of the three decisions properly within its scope.

A party seeking review of a district court's final judgment or order has multiple avenues by which to seek relief, each with its own time constraints. One option is to appeal to the court of appeals by filing a notice of appeal within 30 days after entry of the judgment or order. Fed. R. App. P. 4(a)(1)(A). In the alternative, a party can move for one of several limited forms of review performed by the district court itself. For example, the party can move under Rule 59(e) to alter or amend the judgment within 28 days of entry of the judgment. Another district-court option is to move under Rule 60(b) for relief from the judgment or order, which must be done within a "reasonable time," usually no more than a year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Importantly, if a party files one of these two motions in the district court "within the time allowed by those rules," "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A).

"In a civil action, a timely notice of appeal is a jurisdictional requirement," meaning that the court of appeals cannot review the case absent the timely filing of a notice of appeal for the judgment or order complained of. *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).

In this case, the notice of appeal was untimely as to the district court's grant of summary judgment. Thirty days passed after the entry of summary

judgment, and Belton filed no notice of appeal.  Although Belton filed a Rule 60(b) motion in the district court within the time allowed, Federal Rule of Appellate Procedure 4(a)(4)(A)'s exception to the general 30-day rule for filing a notice of appeal does not apply.  This is because, to reset the notice of appeal deadline via a Rule 60(b) motion, the Rule 60(b) motion must be filed "within the time allowed for filing a motion under Rule 59"—i.e., 28 days after entry of the judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).  Here, Belton filed his Rule 60(b) motion 355 days after entry of the judgment, meaning that the notice of appeal deadline for the summary judgment order was not reset.  We therefore do not have jurisdiction to review the district court's underlying grant of summary judgment.  *McDaniels*, 907 F.3d at 370.

The notice of appeal was timely, however, as to the order denying the Rule 60(b) motion.  The 30-day shot clock to file a notice of appeal of this order began at the time the order was filed.  But this clock resets if the party files another post-judgment motion challenging it within the time allowed by that rule.  *See* Fed. R. App. P. 4(a)(4)(A).  Here, because Belton moved under Rule 59(e) for reconsideration of the order denying his Rule 60(b) motion within the appropriate time to file a Rule 59(e) motion—i.e., within 28 days of entry of the order—the 30-day shot clock for appealing the district court's order denying the Rule 60(b) reset.  It began to run anew on the day the district court ruled on the Rule 59(e) motion.  Because Belton filed his notice of appeal within 30 days of the district court's ruling on his Rule 59(e) motion, his notice of appeal of the order denying his Rule 60(b) motion is timely.

Finally, the notice of appeal was also timely as to the order denying Belton's Rule 59(e) motion because it was filed within 30 days of that order's entry.  Fed. R. App. P. 4 (a)(1)(A).

*          *          *

No. 23-30829

In sum, we conclude that Belton's notice of appeal was timely as to both the order denying his Rule 60(b) motion and the order denying his Rule 59(e) motion. His notice of appeal was untimely, however, as to the grant of summary judgment, so we do not have jurisdiction to review it.

C

Third, we consider whether the decisions timely appealed in the notice of appeal are otherwise reviewable under 28 U.S.C. § 1291.

The courts of appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. An order denying a Rule 60(b) motion is such a "final decision." *See* 15B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3916 n.32 (2d ed.) (citing, *inter alia*, *Taylor v. Johnson*, 257 F.3d 470, 474–75 (5th Cir. 2001), and *Wilson v. Thompson*, 638 F.2d 801, 803 (5th Cir. Unit B Mar. 1981)). An order denying a Rule 59(e) motion, however, is not treated the same way. When a party appeals an order denying a Rule 59(e) motion, "the ruling on the Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment." *Banister v. Davis*, 590 U.S. 504, 509 (2020). "The court thus addresses any attack on the Rule 59(e) ruling as part of its review of the underlying decision." *Id.*

In this case, it is thus appropriate for us to review only the order denying Belton's Rule 60(b) motion. The Rule 60(b) motion is a "final decision" of the district court. Because the underlying judgment attacked by Belton's Rule 59(e) motion is the district court's order denying the Rule 60(b) motion, the order deciding the Rule 59(e) motion merges with it.

8

## III

We now consider whether the district court abused its discretion in denying Belton's Rule 60(b) motion. We hold that it did not, and we therefore deny Belton relief from the judgment.

## A

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). A district court abuses its discretion "if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Chamber of Com. of the U.S.*, 105 F.4th 297, 311 (5th Cir. 2024) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)).

## B

Under Rule 60(b), a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The burden of establishing at least one of the grounds for Rule 60(b) relief is on the movant. *See Lavespere v. Niagara Mach. & Tool*

*Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

C

We hold that the district court did not abuse its discretion in denying Belton's Rule 60(b) motion because Belton did not establish that he was entitled to relief on any of the available grounds.

Belton did not establish that he was entitled to relief on account of inadvertence or excusable neglect of his former attorney. While allegations of abandonment by an attorney fall under Rule 60(b)(1), "[g]ross carelessness is not enough" to establish entitlement to relief, nor is "[i]gnorance of the rules [or] ignorance of the law." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting 11 Wright & Miller, Federal Practice & Procedure § 2858). Moreover, "[a] party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in 'unique circumstances.'" *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (quoting *Pryor*, 769 F.2d at 287). Furthermore, the record contained ample evidence by which the district court could have concluded that Belton's former attorney neither had abandoned him nor was unfit to practice.

Belton's argument that he was entitled to relief based on newly discovered evidence—namely, his affidavit detailing his personal observations of Osborne, which was offered for the first time in connection with his Rule 60(b) motion—also failed. "Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX*

*Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (alteration in original) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). Belton had the opportunity to introduce this evidence during discovery and at the summary judgment stage yet failed to do so.  Accordingly, it was not "newly discovered," and Belton did not exercise the requisite due diligence in presenting it to the court.

Belton also did not establish the existence of fraud.  The district court properly deemed admitted the statements contained in the Requests for Admission served on Belton on January 24, 2022, because Belton failed to respond within 30 days.  *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").  No "fraud" was involved in their admission.  Neither was Dr. Rainwater's letter improper summary judgment evidence and therefore a "fraud."  The letter, accompanied by a signed declaration from Osborne, constituted one of the many types of evidence with which a party can support a summary judgment motion.  *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including . . . documents . . . [and] affidavits or declarations. . . .").  It therefore cannot be considered a fraud.

Belton's argument that the district court's grant of summary judgment constituted a void judgment because the district court lacked both subject matter jurisdiction and personal jurisdiction over him was similarly unavailing.  As to subject matter jurisdiction, Belton contended that he was exempt from the FHA and LEHOA's antidiscrimination provisions because he owned three or fewer single-family rental properties, none of which had federal mortgages, grants, or other subsidies.  But as other circuits have

recognized, an FHA exemption is an affirmative defense and has "no bearing on jurisdiction." *E.g.*, *United States v. Space Hunters, Inc.*, 429 F.3d 416, 425 (2d Cir. 2005). Belton also challenged the court's personal jurisdiction over him, contending that he never received service of process and that his prior attorney's waiver of service of process was ineffective. But because Belton filed a Rule 12 pre-answer motion that did not raise the issue of personal jurisdiction, he forfeited this challenge. *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982); *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 249 (5th Cir. 2020); Fed. R. Civ. P. 12(g)(2), 12(h)(1)(A).

Last, Belton did not establish that any of Rule 60(b)'s provisions should apply to his *res judicata* claim. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."); *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (movant is entitled to relief under Rule 60(b)(6) only if he can show "extraordinary circumstances" justifying relief); *ABC Asphalt, Inc. v. Credit All. Corp.*, 56 F.3d 1384, 1384 (5th Cir. 1993) (movant must show that the underlying judgment was "manifestly injust" to be entitled to relief under Rule 60(b)(6)).

Accordingly, we cannot say that the district court "base[d] its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (quoting *Esmark Apparel, Inc. v. James*, 10 F.3d 1156, 1163 (5th Cir. 1994)). We therefore hold that the district court did not abuse its discretion in denying Belton's Rule 60(b) motion, and we AFFIRM.