# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60532
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2025

Lyle W. Cayce
Clerk

Willie Fry,

*Plaintiff—Appellant*,

*versus*

City of Hernando, Mississippi,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:22-CV-27

---

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Willie Fry, a former firefighter for the City of Hernando, Mississippi (the City), sought promotions to the position of driver. After his third unsuccessful attempt at the qualifying promotional exam, Fry sued the City with the help of counsel, attributing his non-promotion to racial discrimination in violation of 42 U.S.C. § 1981. The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60532

district court concluded, after two rounds of discovery, that Fry did not offer competent summary-judgment evidence showing he was passed over for the position because he is black, and entered a final judgment in favor of the City. Fry, proceeding pro se, sought reconsideration. Following the denial of that motion, Fry, again pro se, appealed. We AFFIRM.

## I.

Fry worked as a Hernando firefighter for about six years. While in that post, he applied to be promoted to driver. The Hernando Fire Department requires firefighters applying to that position to pass a promotional exam.[1] The exam is comprised of a few tests—each of which an applicant must pass, in sequential order, to be eligible for promotion.

Fry failed the driver promotional exam three times—in 2018, 2020, and 2021. On his first attempt, he failed the pump test. On his second and third attempts, Fry failed the street test. In 2021, the year of Fry's third attempt, the exam had been reduced from five tests to three. But the pump test remained a part of each exam. Fry did not take the pump test in either his second or third attempt because he failed the street test, which was the first round of the exam.

In 2018, a black male was promoted to the role. But in 2020 and 2021, only white men succeeded in passing the exam and were promoted.

The third promotion denial was the final straw for Fry. In February 2022, he initiated the instant suit through retained counsel. He alleged that the City's failure to promote him to the position of driver in 2018, 2020, and 2021 amounted to racial discrimination in violation of § 1981. After two

---

[1] Those who pass the promotional exam become eligible for promotion to the driver position; passing the exam, however, does not guarantee promotion.

rounds of discovery and two rounds of summary judgment, the district court dismissed all of his claims and entered final judgment on January 12, 2024. Over the course of those proceedings, Fry went through three different attorneys.

On January 26, 2024, Fry, acting pro se, moved to reconsider.[2] The district court, construing that motion as filed under Federal Rule of Civil Procedure 59(e), denied it on September 12, 2024. This appeal followed.

## II.

We first consider the scope of our review. Fry's appellate brief references both the January 12 judgment and the September 12 order denying reconsideration of that judgment. But Fry noticed this appeal on October 15, citing only the latter. As this Court has held, "an appealing party's designation in his notice of appeal that he is appealing an order denying his post-judgment motion causes the notice of appeal to encompass the underlying judgment."[3] And because Fry's notice of appeal was timely as to both the January 12 judgment and September 12 order, we have jurisdiction to review both.[4]

Turning to the merits of Fry's appeal, we address first his challenge to the entry of summary judgment against him. We review grants of summary judgment de novo, viewing all facts and reasonable inferences in favor of the nonmoving party.[5] Summary judgment is proper when the record evidence shows that there is no genuine dispute of material fact and the movant is

---

[2] Fry styled his post-judgment motion as a "Motion for Clarification and Reconsideration."

[3] *Osborne v. Belton*, 131 F.4th 262, 267 (5th Cir. 2025).

[4] *See id.* at 268–269; FED. R. APP. P. 4(a)(4)(A)(vi).

[5] *E.g., Johnson v. PRIDE Indus.*, 7 F.4th 392, 406 (5th Cir. 2021).

entitled to judgment as a matter of law.[6] "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."[7]

The familiar *McDonnell Douglas* burden-shifting framework applies: Fry, as plaintiff, carries the initial burden of establishing a prima facie case of racial discrimination;[8] the City then must articulate a legitimate, nondiscriminatory reason for not promoting Fry; and if the City satisfies its burden, the burden shifts back to Fry to present adequate evidence that the City's proffered reason is mere pretext for the discrimination.[9]

For each of Fry's failure-to-promote claims, the district court concluded that his proffered evidence was insufficient to surmount summary judgment's evidentiary bar. We agree, albeit on slightly different grounds. The record lacks evidence that he was "qualified for" the position of driver in 2018, 2020, or 2021—an essential element of his prima facie case. The Hernando Fire Department requires firefighters to pass a promotional exam to be eligible for the driver position. After searching the record and liberally construing his arguments on appeal, we find no competent summary-judgment evidence from which a trier of fact could infer that Fry passed that

---

[6] *Id.*; FED. R. CIV. P. 56(a).

[7] *E.g., Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

[8] Because his claims were based on a failure-to-promote theory, Fry was required to prove that he: (1) is a member of a protected class; (2) sought and was qualified for the elevated position; (3) was rejected for that position; and (4) was passed over for the position so that the employer could either (i) hire or promote a person outside of plaintiff's class, or (ii) seek applicants in a nonprotected class. *Johnson*, 7 F.4th at 406.

[9] Because Fry's claim relies on circumstantial evidence, it's evaluated under the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

No. 24-60532

exam.[10] Because Fry failed to demonstrate through competent summary-judgment evidence the existence of a genuine dispute on an essential element of his claims, summary judgment was proper as to them.[11]

Fry also challenges the district court's denial of his constructive Rule 59(e) motion to reconsider. We review for abuse of discretion.[12] Granting relief on a Rule 59(e) motion "is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."[13] Fry seeks reconsideration on the basis that the three attorneys who represented him in the district court denied him effective assistance. But this is not a legitimate ground for seeking reconsideration in a civil case.[14] Therefore, the district court did not abuse its discretion in denying Fry's motion to reconsider.

AFFIRMED.

_____

[10] Arguing otherwise, Fry relies on his affidavit submitted in opposition to summary judgment. But Fry points to no record support for the naked allegations contained therein, and we could find none.

[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[12] *See, e.g.*, *Luig v. N. Bay Enters.*, 817 F.3d 901 (5th Cir. 2016).

[13] *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

[14] *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).