# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2025

Lyle W. Cayce
Clerk

_____

No. 25-10645
Summary Calendar
_____

Charail McDaniel,

*Plaintiff—Appellant*,

*versus*

Jail Administration; Taylor County Sheriff; Colton Brown, *Officer*; Steven Borris, *Cpl.*; Ricky Bishop, *Sheriff*; Kevin Henry, *Sgt.*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:22-CV-17

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Charail McDaniel, pro se, filed an amended civil rights complaint alleging claims of excessive force, delayed and inadequate medical care, and violations of due process during his time in pretrial detention. He also sought the appointment of counsel, which was denied. His amended complaint was

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10645

dismissed for failure to state a claim upon which relief may be granted. In response, McDaniel filed various postjudgment motions, including, inter alia, a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which was denied. This appeal followed.

McDaniel argues that he stated claims for excessive force and delayed medical care, and he challenges the denials of his motions for appointment of counsel. As a threshold matter, however, we address our jurisdiction over the orders discussed in McDaniel's brief. *See Osborne v. Belton*, 131 F.4th 262, 266 (5th Cir. 2025); *see also Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869 (5th Cir. 1989). We conclude that only the denial of McDaniel's Rule 60(b) motion is properly before us, but McDaniel has waived any challenge to this ruling by failing to brief it. *See Osborne*, 131 F.4th at 266-69; *Williams v. Chater*, 87 F.3d 702, 704-06 (5th Cir. 1996); *see also* Fed. R. App. P. 4(a)(1)(A), (a)(4)(A)(iv).

Accordingly, we AFFIRM. McDaniel's motion to appoint counsel is DENIED. *See McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012).